LYONS (ALLEN v.).   See Case No. 227.

LYONS (GAY v.).   See Case No. 5,281.

LYONS v. The LADY FRANKLIN.   See Case No. 7,982.

LYONS (MUNSON v.).   See Case No. 9,935.

---

## Case No. 8,650.

### In re LYTLE et al.

[14 N. B. R. 457;[1] 11 Phila. 522; 3 N. Y. Wkly. Dig. 303; 5 Am. Law Rec. 306; 9 Chi. Leg. News. 18; 33 Leg. Int. 349; 1 Cin. Law Bul. 246; 24 Pittsb. Leg. J. 14.]

District Court, W. D. Pennsylvania.   Sept. 11, 1876.

DISCHARGE OF DEBTOR — COMPOSITION — LEVY OF EXECUTION ON PERSONAL PROPERTY—JURISDICTION OF DISTRICT COURT.

1. If a resolution of composition has been duly ratified, it confines the secured creditor to his security, and discharges the debtor from personal liability for the secured debt.

2. If a composition is entered into for cash payments, secured by a mortgage on real estate, the district court has no jurisdiction to restrain a creditor from levying an execution on personal property, although the name of such creditor was properly placed on the list of creditors.

[Cited in Re Hinsdale, Case No. 6,526; Re Negley, 20 Fed. 500.]

[Cited in Pupke v. Churchill, 91 Mo. 81, 3 S. W. 831.]

Motion to dissolve an injunction.

---

[2] [From 1 Cent. Law J. 137.]
[1] [Reprinted from 14 N. B. R. 457, by permission.]

Smith & Raymond, for the motion.
Rodgers & Oliver, contra.

KETCHUM, District Judge. On the 1st day of November, 1875, J. L. Lytle & Company filed in this court their petition in voluntary bankruptcy. November 19, 1875, they were adjudicated bankrupts. No assignee was ever appointed. November 26, 1875, they filed their petition for a meeting of creditors, to enable them to offer terms of composition under the 17th section of the act of June 22, 1874 [18 Stat. 182]. The meeting was ordered, and composition entered into December 10, 1875, by which they were to pay forty cents on the dollar, cash, in two installments of twenty per cent. each, one payable March 1st, 1876, the other May 1st, 1876; the payment thereof to be secured by the mortgage of Joseph L. Lytle, and his mother, Isabel Lytle, on all the real estate of the said Joseph L. Lytle, in the twenty-third ward of the city of Pittsburg, to Thomas T. Wightman, in trust for the creditors. February 28, 1876, the proceedings were approved by the court, and the resolution ordered to be recorded, and the statement of assets and debts ordered to be filed. Among the creditors, in the statement of creditors' addresses and debts, were named T. B. Young & Company, and Thomas B. Young, who were returned as secured by liens of judgment upon real estate. They were notified of the meeting of composition, also of the inquiry on approval of the composition by the court. They took no part in the composition or inquiry. They neither offered to release their liens and come into composition for their whole debts, nor to apply for ascertainment of the excess of their debts beyond the value of the securities, and to come in for the difference. August 11, 1876, the said T. B. Young & Company, and Thomas B. Young, issued executions on their judgments out of the courts of common pleas of Allegheny county, and levied upon the stock of goods of the said J. L. Lytle & Company, in their store, in the city of Pittsburg. August 22, 1876, J. L. Lytle & Company filed a petition in this court for an injunction praying the court to restrain the plaintiffs in the executions from interfering with the property levied upon. August 24, 1876, the court ordered an injunction as prayed for. August 26, 1876, the said T. B. Young & Company, and Thomas B. Young, moved the court to dissolve the injunction and dismiss the petition.

The court ordered the injunction, under the authority given by the act to enforce the compositions, but with many misgivings at the time, in view of the status of the property in question. It is clear that the proceeding in composition is a proceeding in bankruptcy, and is an alternative mode of carrying out the principles and effectuating the purposes of the bankrupt law. It is, in fact, substituting the disposition of the debt-

or's estate, by himself and a majority of his creditors, subject to the approval of the court, for the distribution by the assignee in simple bankruptcy. As in simple bankruptcy, all creditors who have had notice are bound by the proceedings, so in composition, all who have had notice, and whose names, residences and debts have been returned and filed by the debtor, are bound by the composition. The section of the act relating to composition declares that the provisions of a composition accepted by the resolution, in pursuance of said section, shall be binding on all the creditors whose names and addresses and the amount of whose debts are shown in the statement of the debtor, produced at the meeting at which the resolution shall have been passed; but shall not affect or prejudice the rights of any other creditors.

There is no exception, either expressly or by implication, of secured creditors from its binding force. In my view it comprehends more than the stipulation that the debtor shall pay, and the unsecured creditors shall receive a certain amount of money, in satisfaction of their debts. As in simple bankruptcy, the distribution among the unsecured creditors binds the secured creditors to look to their securities for their debts, and discharges the debtor from all personal liability, so this provision, besides the enforcement of the stipulations of the composition, means, also, that the composition shall confine the secured creditor to his security, and discharge the debtor from personal liability for the secured debt. If it does not, then the provision for composition may be regarded as useless in any case where there are secured debts; for, in every such case, before the debtor could, with any safety, proceed to a composition, he would, in his insolvency, be obliged to raise money to pay off the liens upon his property, to prevent the secured creditor, in his stronghold, from defeating his composition, and harassing him indefinitely with executions. I cannot believe any such results were intended by the lawmakers, no less than giving the creditor who is secured in full the power to prevent the debtor from paying his other creditors any portion of their debts, and from obtaining his discharge. But this court cannot follow a debtor after his discharge in bankruptcy, or by composition, and with its jurisdiction, protect him from suits wrongfully brought on the debt from which they may be discharged; ner can it follow property that has passed from its jurisdiction and protect it. In this case a composition was entered into for cash payments, secured by a mortgage on real estate. The composition in its terms in no way involves the property in question, either as security or otherwise, and is entirely independent of any disposition of it. It was left, so far as appears by the record, unconditionally in the possession of the debtor, where it has been from the beginning. On the recording of the resolution of com-

position, the debtor and his creditors having taken from the court the distribution of the assets of the debtor, all control and jurisdiction over the debtor's property went with it, and from that time the court has had no power over it.

Upon full consideration we have concluded that we had no power to issue the injunction in this case, and, therefore, dissolve the said injunction, and dismiss the petition.