## Case No. 10,711.

### PARET v. TICKNOR et al.

[4 Dill. 111;[1] 16 N. B. R. 315; 5 Cent. Law J. 328.]

Circuit Court, E. D. Missouri. Sept. Term, 1877.

BANKRUPTCY—COMPOSITION—EFFECT AS TO SECURED CLAIMS.

1. A composition at twenty-five cents on the dollar was effected under section 17 of the act of June 22, 1874 (18 Stat. pt. 3, p. 178). In the statement of liabilities presented to creditors' meeting plaintiff's claim was represented as fully secured by deed of trust on real estate worth more than the amount of the debt. Plaintiff, being also an unsecured creditor, at-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

tended the composition meeting, but did not in any way participate in it, nor dissent from the representation there made as to the value of his security. Long after the composition had been recorded and carried out by the debtors, plaintiff sold the real estate under the deed of trust, and a large deficit was left unpaid. In an action to recover such deficit, *held* the composition did not, per se, extinguish plaintiff's claim, but that he was entitled to twenty-five per cent of final deficit, no matter when ascertained.

[Cited in Re Hazens, Case No. 6,285. Approved in Cavanna v. Bassett, 3 Fed. 217; Ransom v. Geer, 12 Fed. 608; Flower v. Greenebaum, 50 Fed. 192.]

2. Quære, whether this result would have been changed, even if, in the course of the composition proceedings, the bankruptcy court, at the instance of all the parties, had caused the security to be appraised, and had decided it to be ample to cover the debt?

The case was as follows: Action on notes. Defendants [Myron Ticknor and others] pleaded in bar that they had effected a composition in bankruptcy, in manner provided by act of congress; that plaintiff [John Paret] was duly notified of the various meetings and attended the same; that in the statement of liabilities, plaintiff's claim was represented, as plaintiff knew, as fully secured by deed of trust on real estate worth more than the amount of debt; that plaintiff did not dissent or object to such valuation, but acquiesced therein; and that it took all their unpledged assets to pay the composition to the unsecured creditors. Plaintiff demurred to the answer.

John R. Shepley and Henry M. Post, for plaintiff, cited In re Bestwick, 2 Ch. Div. 485, affirming same case, 1 Ch. Div. 702.

Nathaniel Meyers, for defendants, claimed that the provisions of the English composition act (32 & 33 Vict. Law J. St. 1869–70, p. 287), under which In re Bestwick was decided, differed materially from the act of congress, and cited also In re Lytle [Case No. 8,650], In re Becket [Id. 1,210], and In re Comstock [Id. 307].

Before MILLER, Circuit Justice, and DILLON, Circuit Judge.

MILLER, Circuit Justice, orally delivered the opinion of the court, in substance as follows:

Paret was a creditor of Ticknor & Co., against whom proceedings were instituted in bankruptcy. Those proceedings resulted in a composition, under the statute on the subject, by which Ticknor & Co. agreed to pay to their creditors a certain percentage of their debts—25 per cent. Paret was named in the schedule of their creditors, and had notice of the meeting of creditors on this proposition. Ticknor & Co. stated in this schedule that Paret was a fully secured creditor. To this Paret seems to have made no reply in any way, and to have made no objection or given any consent to the compromise. After this, Paret sold the real estate which was the security for his debt, and there re-

mained a considerable balance unpaid of the debt. He brings this suit to collect that balance. It is contended by his counsel that he is entitled to recover all of the debt that was not covered by the sale of the property which was his security. It is contended by counsel for Ticknor & Co. that they were fully discharged by the composition proceedings of any claim on account of that debt.

We are of opinion that the law of the case lies between them. I am of opinion myself that the compromise provisions of the bankrupt act design that every creditor shall receive the same proportion of his debt; and I am of opinion, as regards the parties who shall receive, that the secured creditor is a creditor for that purpose for all that is not satisfied by his security. And I am of opinion that whenever this fact is ascertained, even after the compromise, that remainder constitutes a debt against the bankrupt, of which he shall pay the same proportion to that creditor that he has paid to the unsecured creditors.

It is here urged very strongly—and the argument is very well put, and it is about the only argument I think worth noticing specially—that Paret, having notice of these proceedings, having notice that the bankrupts had scheduled him as a fully secured creditor, and having taken no exception to that statement, is bound by it. I think Mr. Meyers (defendants' counsel) considers it an adjudication of the bankruptcy court, or at least considers it conclusive against the plaintiff that his claim was fully secured. I do not take that view of it. I think it probable, but I am not sure about it, although it is my impression now, that if any adjudication had been made, and either of the parties had brought to the court the question, so that it could be decided whether the security was a sufficient security, and if it was not a sufficient security, for what sum beyond it Mr. Paret had a claim, and that matter had been adjudicated, that that would have been an end of the transaction, and that in the compromise order the bankrupt would not have been compelled to provide for the 25 per cent, or for the difference. And if it was decided by the court to be a fully secured debt, and the bankrupt had let it go in that way, then the bankrupt would have parted with all his claim to the property, and the creditor would have accepted it in full payment of the debt. It would have been a judicial settlement of the transaction, in which the bankrupt would be divested of any right to the property, and the creditor would be divested of any further claim personally against the bankrupt. But this was not done, and it follows, I think, that neither of these results was attained. Ticknor & Co. retained an interest in that property, and before Paret had finally foreclosed his rights in it they could have redeemed it; and if it had been worth ten times the debt, they would have had the right to redeem it, and have the advantage of

the full value above the debt, from the fact that it remains unadjusted. And so Paret gets advantage of the fact that it remains unadjusted. He can foreclose whenever the proper time comes, or whenever by law he will be obliged to do it, and if the property sells for less than his debt he can make Ticknor pay, not the whole of the difference, but 25 per cent of it, if the composition is carried out; and if it sells for more than the debt, Ticknor & Co. will be entitled to the surplus."

What would have been the result if the parties had formally agreed in writing that the security was ample, we are not called on to say, but we are of opinion that the mere silent acquiescence of the creditor, his mere failure to dissent, does not affect his claim.

The demurrer, however, goes to the entire answer [and as the answer does set up a good defense for all but 25 per cent. of the deficit],[2] it must, therefore, be overruled.

Judgment accordingly.

NOTE. Subsequently, before Dillon, Circuit Judge, and Treat, District Judge, the plaintiff took judgment for the full amount of the note, with a provision that it might be satisfied by the payment of the 25 per cent, if the composition was carried out; if not, then the judgment to stand for the full amount.