## SUPREME COURT.

### Moritz Cohn agt. John L. Colby and others.

*Mortgage foreclosure — Composition in bankruptcy — Effect of secured creditor receiving his pro rata share under composition proceedings.*

A creditor of a bankrupt who had been discharged under composition proceedings in bankruptcy may, after the discharge, foreclose his mortgage. The discharge in bankruptcy does not discharge his mortgage lien.

*Special Term, March,* 1879.

The defendant, John L. Colby and one Chester P. Doubleday were merchants, in the city of New York, and copartners in trade, doing business under the firm name of John L.

Cohn agt. Colby.

Colby & Co., and as such were, on March 21, 1878, indebted to the plaintiff in the sum of $14,100.36, for which sum the said firm made to the plaintiff two promissory notes each for $7,050.18, which notes were secured by mortgage executed by the defendants Colby and Mary A., his wife.

Afterwards Colby & Co. became bankrupts and such proceedings were had in the district court of the United States, for the southern district of New York, in bankruptcy, that a composition was decreed pursuant to section 17 of the bankruptcy act of June 22, 1874, by that court, and the bankrupts discharged. The plaintiff afterwards filed his complaint to foreclose the mortgage. The defendant Colby set up the composition and discharge in bankruptcy as a defense to the complaint in foreclosure.

*Richard S. Newcomb*, for plaintiff. *In re Alphonse Beileit* (12 *B. R.*, 201) has no reference to the question at issue. There the question of secured creditors is not touched or remotely referred to, on the contrary simply ordinary creditors. *In re assignee of Wicks & Co.* agt. *Perkins* (13 *B. R.*, 280) was upon an entirely different principle; that was a proceeding under a discharge granted in 1868, six years before the composition clause was enacted, and for reasons clearly apparent materially differs. *The matter of Lyttle* (14 *B. R.*, 457) appears to favor the defendants' argument. But a reference to the 16 *B. R.* (*page* 315) entirely settles the question that the "creditor is entitled to the per centage agreed upon in such proceedings or the deficit left unpaid on realizing such security whenever ascertained."

*G. H. Brewster*, for defendant.

VAN VORST, J. — The case of *Paret* agt. *Zickner* (16 *N. B. R.*, 315) is an express authority that a secured creditor is entitled to the per centage agreed upon in the composition pro-

ceeding, on the deficit left unpaid on realizing such security. In other words, that such claim is not discharged by the composition proceedings.

I do not find any express authority to the contrary. *In re Lytle & Co.* (14 *N. B. R.*, 457), the judge did, indeed, advance a view in opposition to that above expressed. But the question was not before him. What he decided was, that he had no power to issue an injunction restraining an execution to enforce judgments claimed to have been discharged by the composition proceeding. The other matters discussed did not in reality affect that question.

I am disposed to follow *Paret* agt. *Zickner*, and hold that the plaintiff is entitled to share in the per centage adopted in the composition proceedings, upon any deficiency arising upon the sale.

There should be judgment accordingly.