### FLOWER *v.* GREENEBAUM.

(*Circuit Court, N. D. Illinois.*    June, 1880.)

BANKRUPTCY—COMPOSITION—SECURED DEBTS.

At a meeting of creditors to effect a composition in bankruptcy, plaintiff, owning notes secured and unsecured, voted for the settlement on the latter, and did not vote on the former, and the securities were not in any way considered: subsequently he converted them into money, but they proved insufficient to pay the debt. *Held* that, if the debtor desired to have the composition operate upon the secured

notes, it was his duty to have the securities valued, and failing to do so he was liable for the same percentage of the deficiency as was paid to the unsecured creditors.

At Law. Action on two promissory notes by James M. Flower, receiver of the German National Bank, against Henry Greenebaum. Judgment for plaintiff. For prior report, see 2 Fed. Rep. 897.

This suit was brought upon two promissory notes given by defendant to the German National Bank of Chicago, the first being for the sum of $25,000, dated November 13, 1877, and payable, with interest, at 8 per cent., 60 days after date; the other for the sum of $15,000, dated November 17, 1877, payable, with interest, at 10 per cent., in 60 days after date. Both notes were secured by certain collaterals, which had been converted into money by the plaintiff, and the proceeds duly applied, and this suit was brought to recover the balance remaining due after the application of the proceeds of the collaterals. The defense set up was a discharge under a composition in bankruptcy. The admitted facts were that on the 17th of December, 1877, defendant, Henry Greenebaum, together with Elias Greenebaum and David S. Greenebaum, who had been and then were copartners composing the firm of Henry Greenebaum & Co., of this city, and Greenebaum Bros. & Co., of New York city, filed their voluntary petition in bankruptcy in the district court of this district, and were duly adjudged bankrupts; that they afterwards, as copartners and individually, submitted to a meeting of their creditors, duly called by the court under section 17 of the act amendatory of the bankrupt law approved June 22, 1874,[1] a proposition for a composition by the payment of 25 per cent. of their indebtedness, 5 per cent. to be paid in cash within 60 days after the ratification of the composition by the requisite number and amount of creditors, and 10 per cent. in one year, and 10 per cent. in two years, from such ratification, without interest; that the creditors duly accepted and ratified such composition, and the same was confirmed and approved by the court. It was also admitted that, at the time of the creditors' meeting called to consider such proposition for composition, the German National Bank was in liquidation, under the management of a committee of its directors; that the bank held, not only the notes in question, but divers other claims not secured; that defendant, Henry Greenebaum, presented to the meeting of the individual creditors a statement of his assets and debts, in which statement the notes in question were classed as secured debts; that the bank was represented at said meeting by a duly-authorized attorney, who voted in favor of the composition upon the unsecured claims held by the bank against defendant, but did not vote upon the notes now in suit, and the notes in suit were not reckoned in any action of creditors, either for the adoption of the resolution of composition at the creditors' meeting, or for its confirmation by the signature of creditors. The composition was ratified and became operative by the confirmation of the court on the 25th day of May, 1878.

[1] 18 U. S. St. at Large, 182.

*Tenney & Flower*, for plaintiff.
*Adolph Moses*, for defendant.

BLODGETT, District Judge.    It is now insisted by the defendant that the bank assented by its action, or the action of its representative, at the creditors' meeting, to be considered and treated as a fully secured creditor in the composition proceedings; that by voting for the composition on its unsecured debts it misled, or may be held to have misled, the defendant into the belief that it relied solely for payment of the notes in question on the security which it held for the notes, and that it ought not be allowed to collect the balance of these notes, after exhausting the security, from the defendant; that, if defendant had understood at the time of the meeting that the bank would claim any balance on these notes, he could not have made the offer to his creditors which was made and accepted; that the bank could have had the value of these notes above the security estimated by the court at the time of the composition proceedings, and, having neglected to do so, it cannot now be permitted to collect such balance, but must be held to have elected to rely only on its security for payment of those notes.    The plaintiff claims that the bank was not bound to have the securities valued, and that, if defendant wished to ascertain what balance would be due after exhausting the securities, he could have had the securities valued on application to the court for that purpose.    The question thus presented is not a new one.

In the late case of *Cavanna* v. *Bassett*, 9 Biss. 435, 3 Fed. Rep. 215, heard before Judge DYER at the present term of this court, the same point arose, and it was there held by the learned judge that a secured creditor "could not be compelled to surrender her security, and come in and prove her claim, nor was it incumbent on her to have her security valued, and then to make proof of any balance; nor should her failure to do this be taken as evidence that she intended to rely wholly for payment of her demand upon her security."    The learned judge further said: "The bankrupts knew, or should have known, that there was a liability that the security would not pay the indebtedness.    They were chargeable with notice that such a contingency might arise, and, if they desired to put complainant in a position where the composition proceedings would operate upon her, they might have applied to the court for proceedings compulsory in their nature, to have the security valued.    Not having done so, there remained a liability that, in case the security should prove inadequate, complainant would have the right, as to any deficiency, to compel payment of the same to the extent of the percentage paid to unsecured creditors under the composition."    And the cases of *Paret* v. *Ticknor*, 16 N. B. R. 315, decided by Mr. Justice MILLER and Judge DILLon, and *Ex parte Hodgkinson*, 1 Ch. Div. 702, are to the same effect.

The learned circuit judge of this circuit also held the same principle in *Re Engel*[1] on review from the district court.    A judgment will therefore be entered for the plaintiff for the balance due on these notes,

───────
[1] Not reported.

conditioned that the same shall be satisfied by the payment of 25 per cent. of the amount due on said notes, after deducting the proceeds of the collaterals; treating the deduction as made at the time the composition was confirmed.