AMERICAN WOOLEN CO. v. COHEN et al.

(Supreme Court, Appellate Division, First Department.  February 17, 1911.)

1. BANKRUPTCY (§ 385*)—COMPOSITION—CONFIRMATION.
    In order to participate in the bankrupt's estate which has passed to the trustee under the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), a creditor must prove his claim and, when a composition is offered, must have its amount fixed, if it can be fixed or estimated, in order to decide whether the necessary number of creditors have consented to the composition, and upon confirmation thereof he may only receive his proportion of dividends from the estate.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 385.*]

2. BANKRUPTCY (§ 387*)—COMPOSITION—SECURED CREDITORS—EFFECT.
    Bankruptcy Act July 1, 1898, c. 541, §§ 12a, 12b, 12d, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3427), authorizes a composition with creditors accepted by a majority of them and confirmed by the judge.  Section 56 provides that secured claims shall not be counted in computing the number of creditors or the amounts of claims, unless the amount thereof exceeds the value of the securities, and then only for the excess.  Section 57 provides that claims of secured creditors may be allowed for sums owing above the value of the securities and the method of determining such value.  And section 14 provides that the confirmation of a composition shall discharge all debts not included therein.  Held, that a composition .of creditors duly confirmed and carried out was a bar to the recovery of a deficiency judgment on foreclosure by the holder of a mortgage who was duly scheduled as a secured creditor, but did not prove his claim on the composition.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 387.*]

Appeal from Special Term, New York County.

Action by the American Woolen Company against Jacob Cohen, impleaded with others.  From an order denying a motion to vacate a judgment of foreclosure and sale, in so far as it provides for a deficiency against defendant, and to permit him to interpose an answer to the part of the complaint alleging a claim for a deficiency judgment, defendant Jacob Cohen appeals.  Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, CLARKE, and DOWLING, JJ.

William Otis Badger, Jr., for appellant.

Hays, Hershfield & Wolf (Edwin D. Hays, of counsel), for respondent.

CLARKE, J.  This action was begun on or about the 31st day of August, 1909, by the filing of a summons and complaint and a notice of pendency of action to foreclose a mortgage made by appellant and his wife to secure payment of the sum of $60,000, with interest thereon, bearing date the 15th day of October, 1906, given as collateral security for the payment of a bond bearing even date therewith.  The summons and complaint were personally served on the appellant on September 23, 1909.  Appellant did not answer or appear in this action, either in person or by attorney.  On May 6, 1910, a judgment of foreclosure and sale was entered which provided, among other things, that if the proceeds of the sale be insufficient to pay the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amount found due to the plaintiff, with interest and costs, the referee shall specify the amount of such deficiency in his report of sale, and that the appellant pay the same to the plaintiff and that plaintiff have execution therefor.

On July 1, 1909, prior to the commencement of this action to foreclose, an involuntary petition in bankruptcy was filed in the United States District Court for the Southern District of New York against appellant by certain of his creditors, and on July 20, 1909, he was adjudged a bankrupt by said court. On October 18, 1909, the appellant filed, pursuant to the requirements of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), schedules of his property and a list of his creditors and the payments due to each of them. In such schedules the plaintiff herein appeared as a secured creditor upon the bond and mortgage set forth in the complaint herein, and also as a creditor for goods sold and delivered. On February 16, 1910, appellant made and filed in the United States District Court an offer of composition with his creditors, and on March 15, 1910, an order was made by the said court, confirming the said composition, and directing, among other things, payment to the plaintiff herein of the sum of $591.10, upon its claim for goods sold and delivered. Such composition was duly carried out, and plaintiff received and accepted the said sum. The composition was upon a basis of 20 per cent. The plaintiff neither proved nor made any claim in the said bankruptcy proceeding for the indebtedness secured by the said mortgage, and it was not taken into consideration in the composition.

The answering affidavit states that it was impossible for the plaintiff, to ascertain what the exact personal liability of Jacob Cohen was by reason of any deficiency which might occur upon the bond and mortgage, and in paying the creditors under the composition no provision was made for payment to plaintiff of its proportionate share of the dividend upon its $60,000 claim; that plaintiff was also a creditor upon a promissory note of Cohen's for $2,954.29, and the $591.10 referred to was a dividend upon said claim for which plaintiff held no security whatever.

The moving affidavit was verified June 8, 1910, about a month after the judgment of foreclosure was entered, and states that deponent was in ignorance of the fact that said judgment contained a provision for a deficiency judgment "until about 10 days ago, deponent relying all along upon the assumption that the plaintiff, which was fully cognizant of all the proceedings in said bankruptcy matter and of the said composition and discharge, would not seek for a deficiency judgment in this action. That the time allowed to deponent by law to interpose an answer herein expired in the month of October, 1909, but it was only upon the confirmation of the composition hereinbefore set forth, on the 15th day of March, 1910, that deponent was discharged from indebtedness secured by the bond and mortgage set forth in the complaint herein, and it was only then that deponent acquired the defense of said discharge against the liability of a deficiency judgment in this action." And he prayed for an order that the judgment be opened,

vacated, and set aside in so far as the same adjudges and directs that he pay any deficiency herein to the plaintiff, and that the plaintiff have execution therefor, and that deponent may be permitted to interpose an answer herein to so much of the cause of action set forth in the complaint as sets forth a claim or cause of action for a deficiency judgment, without prejudice, however, to all other proceedings heretofore had herein, or which may hereafter be had herein under and in pursuance of the remaining portion of said judgment and foreclosure and sale. The Special Term denied the motion, and from the order entered thereon this appeal is taken.

The question is whether the composition duly confirmed and carried out is a bar to the recovery of a deficiency judgment on foreclosure; the holder of the bond and mortgage having been duly scheduled as a secured creditor thereon, but not having proved its claim.

It is necessary to compare the provisions of the bankruptcy act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 527, as amended by Act June 22, 1874, c. 390, 18 Stat. 178), with the present bankruptcy act of 1898, for, if they are substantially similar, there are what I regard as controlling decisions in the United States courts. Section 19 of the act of 1867 provides that:

"All debts due and payable from the bankrupt at the time of the adjudication of bankruptcy and all debts then existing but not payable until a future day * * * may be proved against the estate of the bankrupt."

Section 63a of the act of 1898 provides:

"(a) Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not. (b) Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct and may thereafter be proved and allowed against his estate."

So far as the debt now under consideration is concerned, namely, that evidenced by a bond secured by a mortgage and resulting in a deficiency on a sale of the mortgaged property, there is no difference between the two statutes.

By section 32 of the act of 1867, the order of the court discharged the bankrupt from all debts and claims which, by said act, are made provable against his estate, excepting such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy. Section 17a of the act of 1898 provides that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts"—with certain exceptions not material here.

By the act of 1874, supra, in section 17, composition with creditors was provided for. Among other things, it was provided that:

"In calculating the majority for the purposes of a composition under this section, creditors whose debts amount to sums not exceeding fifty dollars shall be reckoned in the majority in value, but not in the majority in number; and the value of the debts of secured creditors above the amount of such security, to be determined by the court, shall, as nearly as the circumstances admit, be estimated in the same way. And creditors whose debts are fully secured shall not be entitled to vote upon or to sign such resolution

without first relinquishing such security for the benefit of the estate. The debtor * * * shall produce to the meeting a statement showing the whole of his assets and debts, and the names and addresses of the creditors to whom such debts respectively are due. * * * The provisions of a composition accepted by such resolution in pursuance of this section shall be binding on all the creditors whose names and addresses and the amounts of the debts due to whom are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditors. * * *, Every such composition shall, subject to priorities declared in said act, provide for a pro rata payment or satisfaction, in money, to the creditors of such debtor in proportion to the amount of their unsecured debts, or their debts in respect to which any such security shall have been duly surrendered and given up."

Section 12 of the bankruptcy act of 1898 provides:

"A. A bankrupt may offer, either before or after adjudication, terms of composition to his creditors after, but not before, he has been examined in open court or at a meeting of his creditors, and has filed in court the schedule of his property and the list of his creditors required to be filed by bankrupts. * * * B. An application for the confirmation of a composition may be filed in a court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and the consideration to be paid by the bankrupt to his creditors and the money necessary to pay all debts which have priority and the cost of the proceedings have been deposited in such place as shall be designated by and subject to the order of the judge. * * * D. The judge shall confirm a composition if satisfied that (1) it is for the best interest of the creditors; (2) the bankrupt has not been guilty of any of the acts, or failed to perform any of the duties which would be a bar to discharge; and (3) the offer and acceptance are in good faith and have not been made and procured except as herein provided, or by any means or promises herein forbidden. E. Upon the confirmation of a composition the consideration shall be distributed as the court shall direct and the case discharged."

Section 56:

"(b) Creditors holding claims which are secured or have priority shall not, in respect of such claims, be entitled to vote at creditors' meetings, nor shall such claims be counted in computing either the number of creditors or the amount of their claims, unless the amounts of such claims exceed the value of such securities or priorities, and then only for such excess."

Section 57:

"(e) Claims of secured creditors and those who have priority may be allowed to enable such creditors to participate in the proceedings at creditors' meetings held prior to the determination of the value of their securities or priorities, but shall be allowed for such sums only as to the court seem to be owing over and above the value of their securities or priorities. * * * (h) The value of securities held by such creditors shall be determined by converting the same into money, according to the terms of the agreement pursuant to which said securities were delivered to such creditors or by such creditors to the trustee by agreement, arbitration, compromise or litigation as the court may direct, and the amount of such value shall be credited upon such claims and a dividend shall be paid only on the unpaid balance."

Section 14:

"(c) The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

It will be seen that the practical difference between the two statutes is that under the act of 1874 the offer of composition might precede examination of the bankrupt, did not require a preliminary deposit,

and called for an assent of two-thirds in number and one-half in value of the creditors; while under the act of 1898 the offer could not be made before the examination of the bankrupt and the filing in court of the schedule of his property and the list of his creditors, the money necessary to pay the consideration had been deposited, and the consent of a majority of the creditors representing a majority in amount of the claims. In other respects the provisions of the two statutes are substantially the same.

In Paret v. Ticknor, Fed. Cas. No. 10,711, 16 N. B. R. 31, Paret was a scheduled creditor of Ticknor, the bankrupt. He was named in the schedule and had notice of the meeting of creditors and the proposition of compromise. It was stated in the schedule that the secured creditor was fully secured. He made no objection to the composition and gave no consent thereto. Afterwards the security was sold and applied on the debt, and there remained an unpaid balance for which this suit was brought. It was contended that the debt was discharged by the composition proceedings. Mr. Justice Miller of the Supreme Court of the United States, sitting with Judge Dillon, Circuit Judge, said:

"It is contended by his counsel that he is entitled to recover all of the debt that was not covered by the sale of the property which was his security. It is contended by counsel for Ticknor & Co. that they were fully discharged by the composition proceedings of any claim on account of that debt. We are of opinion that the law of the case lies between them. I am of opinion, myself, that the compromise provisions of the bankruptcy act design that every creditor shall receive the same proportion of his debt, and I am of opinion, as regards the parties who shall receive, that the secured creditor is a creditor for that purpose for all that is not satisfied by his security; and I am of opinion that whenever this fact is ascertained, even after the compromise, that remainder constitutes a debt against the bankrupt of which he shall pay the same proportion to that creditor that he has paid to the unsecured creditors. * * * He can foreclose whenever the proper time comes or whenever by law he will be obliged to do it, and, if the property sells for less than his debt, he can make Ticknor pay, not the whole of the difference, but 25 per cent. of it, if the composition is carried out and if it sells for more than the debt Ticknor & Co. will be entitled to the surplus."

There is a note to that case that subsequently, before Dillon, Circuit Judge, and Treat, District Judge, the plaintiff took judgment for the full amount of the note with a provision that it might be satisfied by the payment of the 25 per cent. if the composition was carried out; if not, then the judgment to stand for the full amount.

This was followed in Cavanna v. Bassett, 3 Fed. 215, by the United States Circuit Court for the Northern District of Illinois, where the court said:

"The question, therefore, is: How was the complainant, as a secured creditor of Bassett and Beaver, affected by the composition proceedings? Did those proceedings, in connection with the action of complainant in relation thereto, operate to release the bankrupts from any liability on any balance which might be due to complainant after exhausting her security? I think the question must be answered in the negative. Complainant had a right to hold her security and as a secured creditor she could not properly participate in the composition proceedings. She could not be compelled to surrender her security and come in and prove her claim. Nor was it incumbent on her to have her security valued and then make proof of any balance. Nor should her failure to do this be taken as evidence that she intended to rely wholly

for payment of her demand upon her security. * * * In the present aspect of the case, it must be held that the composition proceedings did not operate to deprive complainant of the right, after exhausting her security in ascertaining the amount unpaid, to assert against the bankrupt a claim for such deficiency, and I think such claim may be enforced through the instrumentality of an execution issued against the property of the debtors upon the deficiency judgment. Complainant's right being limited to the collection of such a percentage of her judgment as has been paid to other creditors upon the composition, and at a subsequent stage of any proceedings that may be taken on execution to enforce payment of the same, it may be the duty of the court to provide for a suitable order for enforcement of the execution, only to the extent which has been indicated. As the case now stands, the exceptions to the answer must be sustained."

To the same effect: Flower v. Greenebaum (C. C.) 50 Fed. 190; and, in our courts, by Van Vorst, J., in Cohn v. Colby, 57 How. Prac. 168.

It is argued by the respondent that the matter has been decided under the act of 1898 by Matter of Kahn (D. C.) 121 Fed. 412, 9 Am. Bankr. Rep. 107. But in that case the referee had under consideration the question whether a composition could be carried out as the bankrupt was liable on mortgage bonds, lis pendens had been filed, and actions for foreclosure commenced; the secured creditors not having been made parties to the proceeding, assented thereto, or appeared therein. He held that the mortgage creditors were not either proper or necessary parties to the composition proceeding.

"It is very evident that such mortgage creditors have no present provable claims, and are not, therefore, creditors within the true meaning of section 12 of the act, because, as already shown, section 57e only provides for the allowance of claims of secured creditors upon the determination of the value of their security and the amount of which claim to be allowed only as the court finds is owing over and above the value of such security."

Adams, D. J., said:

"I am satisfied that the referee has correctly answered the questions in his careful opinion, and I adopt it in deciding that the secured creditors mentioned are not necessary or proper parties to this composition proceeding, and that it should not be refused approval because they are not parties."

There are two questions presented for consideration, as it seems to me, and they should not be confused. The one is the bankrupt estate and the right to participate in the distribution thereof. The other is the right of the secured creditors. To participate in the bankrupt estate, which by the act of bankruptcy has passed out of the bankrupt and to the trustee, the creditor must come in and prove his claim. If he has a provable claim which has been scheduled, he has a right to participate in the preliminaries, and must, when a composition is offered, have the amount of his claim fixed, if capable of being fixed, or estimated, for the purpose of deciding whether the necessary number of creditors and the necessary proportion of their claims have consented to the composition, and then, upon confirmation, he can only receive from the estate his proportionate dividend.

An interesting case on this point is In re Sampter, 170 Fed. 938, 96 C. C. A. 98. It there appeared that in July, 1904, the firm of M. Sampter & Co. and the parties composing it, of whom Arnold Sampter was one, were adjudicated bankrupts. One Marks was the

owner of three mortgages on three lots of land belonging to Arnold Sampter, to secure the payment of his three bonds aggregating some $36,000. These mortgages were foreclosed and judgment entered April 4, 1905. In the summer of 1907 the sale of other premises mortgaged by Sampter to Marks, to secure the repayment of advances made to the firm, produced a large surplus which, his individual creditors being paid in full, would go to the firm creditors. In this state of things, Marks filed, August 16, 1907, more than two years after the adjudication, his claim against the individual estate of Arnold Sampter for the deficiency resulting in the foreclosure actions, amounting to $8,666.36. The Circuit Court of Appeals sitting in the Southern District of New York affirmed an order expunging this claim, upon the ground that it had not been filed within the time limited by section 57n of the bankruptcy act, after the adjudication, saying:

"Under sections 57a and 57e of the bankruptcy act, Marks could have proved his claim, though it was secured, and not liquidated. Besides this, it was liquidated within a year of the adjudication."

In that case there had been no composition, and the attempt was made to procure payment of the deficiency judgment from the bankrupt estate still in the hands of the trustee. What was decided was that, while the debt was provable, it had not been proved in time and so could not share in the assets of the estate.

If the secured creditor follows this course, that is, of proving his claim, however, he must give up his security, and he is treated for all purposes upon an equality with the other creditors. But, if he chooses to demand nothing from the estate, he is entitled to retain his security and the lien created thereby, solely for his own benefit. It is a valid pre-existing lien and cannot be taken away or affected by any subsequent proceedings. To be sure, the trustee can compel its surrender, if he thinks it more valuable than the debt secured, by payment of that debt in full, and then apply the surplus for the benefit of the general creditors. But, if not compelled to surrender upon payment in full, the creditor may proceed to foreclose or otherwise realize upon his security. The question then arises: What happens if there is a deficiency? He cannot claim anything therefor from the estate in the hands of the trustee, because that has been applied equally for the benefit of the creditors who came in and proved their claims. Has he, however, a right to a personal judgment against the debtor who by the composition has received back his property upon his carrying out the terms of his composition? The Kahn Case, it seems to me, does not answer this question. It was, however, answered by Paret v. Ticknor and the other cases cited, supra.

The order appealed from should therefore be reversed, and the motion granted to the extent of opening the judgment so far as relates to personal judgment for the deficiency, and permitting the interposition of an answer; for we think that the defendant has a good defense to at least so much of the deficiency as exceeds the percentage of payment of the debts under the composition.

Order appealed from reversed, with $10 costs and disbursements, and motion granted. All concur.