## NORWICH PLUMBING SUPPLY HOUSE, INC.
### vs.
## ELMER E. JOHNSON, ET AL.

Superior Court      New London County      File #12682

MEMORANDUM FILED JULY 11, 1938.

Perkins & McKay, of Norwich; Harry P. Lander, of New Haven, for the Plaintiff.

Charles L. Stewart, of Norwich, for the Defendants.

SIMPSON, J. On September 12, 1934, the defendants executed and delivered to the plaintiff their note of that date for $1,413.59, payable to the plaintiff on demand, with interest at 5% per annum, payable semi-annually. The note was secured by a second mortgage belonging to defendants. The note has never been paid. The premises securing said note was subject to a first mortgage to the Home Owners' Loan Corporation, and on January 14, 1936, the Home Owners' Loan Corporation instituted a foreclosure proceeding on its mortgage against the owners of the mortgaged premises, and the plaintiff, and judgment of foreclosure was entered therein, which judgment became absolute on May 6, 1936. The plaintiff thereupon lost its security and so far as it was concerned the deficit was the entire amount of the note.

On July 2, 1935, the named defendant, Elmer E. Johnson, hereinafter designated the defendant, filed a voluntary petition in bankruptcy in the District Court of the United States for Connecticut. The defendant listed in his schedule of creditors two claims of the plaintiff, one for $1,413.59 as secured by the mortgage, being the note hereinbefore referred to, and an unsecured claim of $1,479.80. The defendant was adjudicated a bankrupt on July 3, 1935, and thereafter on July

25, 1935, the defendant offered and proposed a composition "in satisfaction of the unsecured debts (not entitled to priority) owed by him to each of said creditors", conditioned on paying thereon 25% in cash. The plaintiff made no proof of either of its claims, but by its treasurer, Elkin Smith, who was also the trustee in bankruptcy, acquiesced in the composition and was paid 25% of its unsecured claim, but nothing on its secured claim.

Upon the foregoing facts the defendant claims that the plaintiff (a) could have had the security determined and filed a claim for the deficiency; (b) could have abandoned or given up its security and proved the claim as unsecured; or (c) could have declined to prove its claim and stand on its security; and not having done either (a) or (b) must be held as a matter of law to have decided to rely upon its security for the payment of its secured claim.

The determination of the question involved depends upon a consideration of the effect of the composition upon the secured claim of plaintiff. "Composition" is a bargain between the bankrupt and his creditors which the Court compels dissentients to accept. *Equitable Holding Corporation vs. Woody*, 63 F. (2d) 751. By the composition, the rights of each creditor are fixed by the term of the bankrupt's offer, subject only to its confirmation and Judge's order of distribution. *In re Pollak Co., Inc.*, 86 F. (2d) 99. In a measure, the composition supersedes, and is outside of, the bankruptcy proceedings. *Nassau Works vs. Brightwood Co.*, 265 U.S. 269, 271.

In the case of *Cavanna vs. Bassett*, 3 Fed. 215, it appeared that the defendants, partners in business, had filed a voluntary petition in bankruptcy. The plaintiff's claim was scheduled as secured and as a partnership debt. The bankrupts proposed a composition to their partnership creditors, which was accepted and ratified by the Court. Subsequently the plaintiff filed a bill in equity to foreclose a trust deed executed by the partnership to secure certain indebtedness including plaintiff's claim. The foreclosure was granted, the security sold, which proved insufficient to pay plaintiff's claim in full, and she secured a deficiency judgment for the balance. It was held, on application to have the execution on the deficiency judgment and the judgment set aside, or their enforcement stayed, that the composition proceedings did not operate to deprive a secured creditor of the right, after exhausting his security and ascertaining the amount unpaid, to assert against

the bankrupt a claim for the deficiency, and that such claim might be enforced through the instrumentality of an execution issued against the property of the debtor upon the deficiency judgment.

In the above case the defendants claimed, as in the instant case, that as claimant did not surrender her security, nor obtain valuation of the same, nor apply to the Bankruptcy Court to have her security valued, and proof of her debt made, it must be regarded that she relied wholly upon her security, and was in legal effect remitted to it for payment of her claim, and that the indebtedness secured by the trust deed had been discharged by exhausting the security. The Court in rendering its decision said (p. 217): "Complainant had a right to hold on to her security, and as a secured creditor she could not properly participate in the composition proceedings. She could not be compelled to surrender her security, and come in and prove her claim; nor was it incumbent on her to have her security valued and then to make proof of any balance; nor should her failure to do this be taken as evidence that she intended to rely wholly for payment of her demand upon her security. The bankrupts knew, or should have known, that there was a liability that the security would not pay the indebtedness. They were chargeable with notice that such a contingency might arise, and if they desired to put complainant in position where the composition proceedings would operate upon her, they might have applied to the court for proceedings compulsory in their nature to have the security valued. Not having done so, there remained a liability that in case the security should prove inadequate complainant would have the right, as to any deficiency, to compel payment of the same to the extent of the percentage paid to unsecured creditors under the composition. The case of *Paret vs. Ticknor,* 16 N.B.R. 31, [we] regard as authoritative upon the question."

The case of *Paret vs. Ticknor,* 16 N.B.R. 315, 18 Fed. Cas. No. 10,711 and cases cited, is to the same effect, the Court holding that the composition did not, *per se,* extinguish plaintiff's claim, but that he was entitled to 25% (provided by the composition) of the final deficit, *no matter when ascertained.* This case, in its essential particulars, is on all fours with the instant case.

In *Flower vs. Greenbaum,* 50 Fed. 190, it was held that if the debtor desired to have the composition operate upon

the secured notes it was his duty to have the securities valued, and failing to do so he was liable for the same percentage of the deficiency as was paid to the unsecured creditors. The factual situation was substantially the same in this case as in the instant case.

The *Cavana, Flower and Paret* cases arose under the Bankruptcy Act of 1874. In the case of *American Woolen Company vs. Cohen,* 127 N.Y.S. 787, decided in 1911, the question was whether the composition duly confirmed and carried out is a bar to the recovery of a deficiency judgment on foreclosure; the holder of the bond or mortgage having been duly scheduled as a secured creditor thereon, but not having proved its claim. The Court, after review of the *Cavaninna and Paret* and other cases, was of the opinion that the *Cavanna* and *Paret* cases were controlling decisions if the Bankruptcy Act of 1867, as amended by the Act of 1874, were substantially similar with the present Bankruptcy Act, and after a comparison of the acts came to the conclusion that the question at issue was answered by the *Paret vs. Ticknor* and other cases cited, and held that the defendant had a good defense to at least so much of the deficiency as exceeds the percentage of payment of the debts under the composition. In other words, that the plaintiff could recover the composition percentage of the deficiency. See, also, *In re Kahn* (1902) 121 Fed. 412, and *In re Dorb the Chemist, Inc.* (1933) 3 Fed. Sup. 457.

The plaintiff claims that inasmuch as the composition was with the unsecured creditors alone, there was no contract to pay the secured creditors, and that therefore it should recover the entire amount of its secured note. The Court has found no case to support this claim. The authorities cited in holding that the secured creditors can recover the *pro rata* amount of this deficiency are authority for holding that when a deficiency is found to exist it falls within the terms of the agreement.

In view of the foregoing, and cases cited, the Court has reached the conclusion that the plaintiff is entitled to a judgment against defendant, Elmer E. Johnson, and as it appears that the plaintiff received nothing by its security, the judgment against Elmer E. Johnson should be for 25% of its claim of $1,413.59 or $353.40, with interest from date of confirmation of composition, viz., July 27, 1935, amounting in all to $415.25.

The defendant Gladys H. Johnson defaulted and has made

no defense and judgment is rendered against her for the full amount of the note, $1,413.59 with interest thereon at 5 % from its date, September 12, 1934, amounting in all to $1,674.43.