CAVANNA *v.* BASSETT and others.

*(Circuit Court, N. D. Illinois.* ———, 1880.)

1. COMPOSITION PROCEEDINGS—SECURED CREDITOR—DEFICIENCY JUDGMENT—EXECUTION.—Composition proceedings do not operate to deprive a secured creditor of the right, after exhausting his own security and ascertaining the amount unpaid, to assert against the bankrupt a claim for the deficiency, and such claim may be enforced through the instrumentality of an execution issued against the property of the debtor upon the deficiency judgment.

Exceptions to Answer.

DYER, D. J. This case is brought to the attention of the court on exceptions to an answer filed by the defendants Bassett and Beaver. An understanding of the precise point involved, and the manner in which it arises, requires a statement of the facts. On December 11, 1877, complainant filed a bill in this court to foreclose a trust deed executed by Bassett and Beaver to secure certain indebtedness. No defence being made to the bill, a decree of foreclosure was entered on the first day of April, 1878. Subsequently, pursuant to the decree, the premises were sold, and the sale was confirmed, and the proceeds of the sale not being sufficient to satisfy the entire indebtedness secured by the trust deed, there was a personal judgment against the defendants for such deficiency, amounting to something over $1,200. It appears that prior to filing the bill for foreclosure, and on the twenty-third day of October, 1877, the defendants Bassett and Beaver, who had been partners in business, filed their voluntary petition in bankruptcy. In this proceeding complainant's claim was scheduled as secured, and as a copartnership debt. At about the same time that their petition in bankruptcy was filed, the bankrupts proposed a composition to their copartnership creditors. Their proposition was accepted on the seventh day of November, 1877, and was afterwards ratified by the court, which order of ratification was made a considerable time before the decree was entered in the foreclosure action.

It may be taken as a fact in the case that the complainant had knowledge of the pendency of the composition proceedings; and it appears that she did not, in those proceedings, prove her debt, nor surrender her security, nor obtain valuation of the security, nor apply to the court to have such valuation and proof of debt made. Upon judgment for deficiency being entered, execution was issued against Bassett and Beaver, and proceedings for the collection of the deficiency judgment were in progress, when the defendants applied to the court to have such execution and judgment set aside, or their enforcement stayed. The court granted them leave to file an answer at that stage of the case, setting up the bankruptcy proceedings, and a stay of execution was ordered until the question could be submitted as to the right of complainant to proceed to enforce her judgment for deficiency. Thereupon the defendants filed an answer, setting up the bankruptcy proceedings, and the case has been heard upon exceptions to the sufficiency of this answer.

It appears, further, that the property covered by the trust deed was not the firm property of Bassett and Beaver, and that the indebtedness of complainant secured by the trust deed was the individual indebtedness of those parties; and the question presented by the answer, and the exceptions thereto, is whether or not the bankruptcy proceedings constitute a bar to complainant's right to enforce her deficiency judgment.

It is insisted by counsel for defendants that as complainant did not surrender her security, nor obtain valuation of the same, nor apply to the bankruptcy court to have her security valued and proof of her debt made, it must be regarded that she relied wholly upon her security, and was, in legal effect, remitted to it for payment of her claim, and so that the indebtedness secured by the trust deed has been discharged by exhausting the security. The question, therefore, is, how was the complainant, as a secured creditor of Bassett and Beaver, affected by the composition proceedings? Did those proceedings, in connection with the action of complainant in relation thereto, operate to release the bankrupts from any

liability on any balance which might be due to complainant after exhausting her security?

I think the question must be answered in the negative. Complainant had a right to hold on to her security, and as a secured creditor she could not properly participate in the composition proceedings. She could not be compelled to surrender her security, and come in and prove her claim; nor was it incumbent on her to have her security valued and then to make proof of any balance; nor should her failure to do this be taken as evidence that she intended to rely wholly for payment of her demand upon her security. The bankrupts knew, or should have known, that there was a liability that the security would not pay the indebtedness. They were chargeable with notice that such a contingency might arise, and if they desired to put complainant in position where the composition proceedings would operate upon her, they might have applied to the court for proceedings compulsory in their nature to have the security valued. Not having done so, there remained a liability that in case the security should prove inadequate complainant would have the right, as to any deficiency, to compel payment of the same to the extent of the percentage paid to unsecured creditors under the composition. The case of *Paret* v. *Ticknor,* 16 N. B. R. 315, I regard as authoritative upon the question. In that case there was a composition proposed by the bankrupt. A secured creditor was named in the bankrupt's schedules, and had notice of the meeting of the creditors and the proposition for a compromise. It was stated also in the schedule that the secured creditor was fully secured. He made no objection and gave no consent to the proposed compromise. Afterwards the security was sold and applied on the debt, and there remained an unpaid balance. Suit was brought to collect that balance. In defence it was contended, in behalf of the bankrupts, that they were fully discharged by the composition proceedings of any claim on account of the debt. It was held by Mr. Justice Miller, Judge Dillon concurring, that the mere silent acquiescence of the creditor in the com-

position proceedings did not affect his claim, and that where in such proceedings the statement of liabilities represents a claim as being fully secured, and the creditor is in attendance but does not participate in the proceedings nor raise any objection to such representations, the claim is not discharged by the composition, but the creditor is entitled to the percentage agreed upon in such proceedings, on any deficiency left unpaid, whenever ascertained. In *Ex parte Hodgkinson In re Bestwick*, 1 Law Reports, Chancery Division, 702, it was held under the English composition proceedings that a secured creditor is entitled to abstain from proving his debt or taking any part in the composition proceedings, and when he has realized his security he may claim from the debtor payment of the composition upon the balance which may then remain unsatisfied of the debt.

In the present aspect of the case it must be held that the composition proceedings did not operate to deprive complainant of the right, after exhausting her security and ascertaining the amount unpaid, to assert against the bankrupts a claim for such deficiency; and I think such claim may be enforced through the instrumentality of an execution issued against the property of the debtors upon the deficiency judgment. Complainant's right being limited to the collection of such a percentage of her judgment as has been paid to other creditors, upon the composition and at a subsequent stage of any proceedings that may·be taken on execution to enforce payment of the same, it may be the duty of the court to provide, by suitable order, for enforcement of the execution only to the extent which has been indicated.

As the case now stands, the exceptions to the answer must be sustained. At the hearing it was suggested that in case the view of the court should be as now expressed the defendants would desire to amend their answer so as to make it affirmatively allege that the indebtedness secured by the trust deed held by complainant was the individual indebtedness, and not the copartnership indebtedness of Bassett and Beaver. Though it is not now apparent to the court how such

a state of the case would change or affect the legal right of complainant to enforce payment of a certain proportion of the deficiency judgment, the court will, if desired, hereafter hear counsel upon the question.

Exceptions sustained.