GLOVER GROCERY COMPANY *v.* DORNE.

Under sections 12 and 14 of the bankrupt act of 1898, the confirmation of a composition proposed by a bankrupt to his creditors, followed by a dismissal of the case, has the effect of discharging him from all ordinary claims provable in bankruptcy, though the holders thereof did not actually prove the same, and consequently did not participate with the other creditors in taking action upon the composition when offered.

Argued June 27, — Decided August 8, 1902.

Certiorari.    Before Judge Littlejohn.    Sumter superior court. January 1, 1902.

Dorne was sued in a city court on an open account.    He pleaded that the plaintiff had agreed to accept forty per cent. in full satisfaction of all his indebtedness to plaintiff, which sum he had paid. He offered an amendment to his plea, which the court would not allow ; and in a petition for certiorari he assigned this ruling as error. The certiorari was sustained, and the plaintiff excepted.    The amend-

ment alleged, in brief, that Dorne was adjudicated a bankrupt in the U. S. court, after which adjudication he tendered to his creditors a composition of his debts, to pay the unsecured creditors 33 1/3 per cent., which composition was accepted by the creditors and approved by the bankrupt court; that all those amounts have been fully paid off and discharged according to the terms of the composition and approval of the court, which composition embraced a majority in number and amount of all the creditors whose claims had been proved and been allowed by the bankrupt court, and otherwise complied with all the requisites in proceedings for composition to his creditors under the bankruptcy act of 1898; that after the approval of said composition by the court, and the payment of said amounts according to the terms of said composition, and all court costs, the referee made his final return, and the bankruptcy case against defendant was finally disposed of and entered closed on the docket of the bankrupt court, and thereby defendant was discharged of all of his debts provable in bankruptcy, and from all debts except such (if any) as would not be affected by the discharge; that the debt sued on was in existence at the time he was adjudicated a bankrupt, was an open account for goods and merchandise, and was provable in bankruptcy, and the plaintiff had notice that he was in bankruptcy. The record does not show the grounds of demurrer, but in the brief for the plaintiff it was contended that the amendment was insufficient in law, as it did not allege that the plaintiff proved his debt in the bankrupt court; nor that the terms of composition were offered to the creditors after the defendant had been examined in open court or at a meeting of his creditors; nor that plaintiff was one of the creditors who accepted the terms of composition offered; nor that plaintiff was paid by the trustee of the bankrupt the amount allowed to the creditors by the terms of the composition; nor that the defendant was discharged by the court.

*J. H. Lumpkin*, for plaintiff.
*W. A. Dodson* and *J. A. Ansley*, for defendant.

LUMPKIN, P. J. Without stating the facts of this case, it is sufficient to say that it turns upon the question indicated above, which was, in our opinion, rightly decided by the superior court. Section 12 of the bankrupt act of 1898 declares that a bankrupt may, at a specified stage of the proceedings, " offer terms of composition "

to his creditors, and provides for the filing of an "application for the confirmation of a composition" after its acceptance "in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims," and after the bankrupt shall have made, under the order of the judge, a deposit of money sufficiently large to cover the "consideration to be paid by the bankrupt to his creditors" and pay all preferred debts and the costs of the proceedings. This section also specifies the terms and conditions upon which a composition may be confirmed, and directs that "upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed." In section 14 of this act, it is declared that: "The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition, and those not affected by a discharge." See Brandenburg on Bankruptcy, 802, 803, 804.

A reading of these provisions of the bankrupt act will show, without discussion, that the proposition announced in the headnote is correct.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*