## In re HARVEY.

(District Court, E. D. Pennsylvania. April 18, 1906.)

### No. 2,373.

BANKRUPTCY—COMPOSITION—DEPOSIT REQUIRED OF BANKRUPT.

> A bankrupt in a composition proceeding is required to deposit for the purpose of carrying out the composition sufficient to cover costs, priority claims and expenses, and in addition, the percentage named, not only on all claims filed before confirmation, but also on all other claims listed by him in his schedule; but he is not required to deposit sufficient to cover such percentage on secured claims, nor for any supposed deficiency thereon if it has not yet been ascertainable and filed.

In Bankruptcy. On questions certified by referee.

Conard & Middleton, for trustee.

Samuel F. Wheeler and William T. Wheeler, for bankrupt.

HOLLAND, District Judge. On October 31, 1905, an involuntary petition was filed asking that Theodore D. Harvey be adjudged a bankrupt. After admitting that he was insolvent, an adjudication was entered on November 21, 1905, and the matter referred to Edward F. Hoffman, Esq., referee. The first meeting of creditors was held December 23, 1905, and a trustee elected. On January 29, 1906, after having been examined at several meetings of his creditors, the bankrupt offered a composition settlement of 20 per cent. of all claims allowed or to be allowed, except those entitled to priority, which, with the costs of the proceeding, had to be paid in full. At the meeting before the referee on January 29, 1906, which was called particularly to act on the composition offer, an agreement was presented in writing whereby a majority in number and amount of the claims proved and allowed consented to the terms of the composition. The unse-

cured claims scheduled amounted to $21,916.05. Of this sum $18,-816.03, numbering 60 claims, had been proved and allowed up to January 29, 1905, the date of the meeting for acceptance of the proposed composition. Since then, and up to the date of the referee's certificate, two additional unsecured claims scheduled, amounting to $942.18, have been proved and allowed, making in all 62 claims, amounting to $19,758.21. Of the 60 claims proved and allowed prior to the acceptance of composition, 42 agreed in writing to the terms of the composition, representing in amount $12,201.23. A number of claimants whose claims were proved and allowed at the time of the meeting verbally agreed to the terms offered. No exceptions or objections have been filed by any creditor to the terms of the composition. The unpaid claims having priority, scheduled by the bankrupt, amount to $569.40. It has been agreed by the parties in interest and the referee that $1,000 will cover all fees and expenses of the proceeding. The sum of $5,521.06 would therefore cover the compromise settlement of 20 per cent. on all claims proved and allowed to date, plus the priority claims and the costs of the proceeding. The bankrupt is ready to deposit the said sum of $5,521.06, but the referee has insisted on the deposit of sufficient money to cover 20 per cent. on all unsecured claims scheduled by the bankrupt, and the possible deficiencies arising on secured claims after the securities have been liquidated.

Upon these facts, the referee certified the following questions:

"(1) Whether or not the bankrupt, in a composition proceeding, is required to deposit for the purpose of carrying out the composition, a sufficient sum of money to pay the percentage offered in composition on the total claims scheduled; or whether he is only required to deposit a sufficient sum of money to pay the percentage on the total amount of the claims represented by proofs duly filed and allowed by the referee at the time of the acceptance of the composition offer; (2) must the sum set apart take into consideration secured claims unliquidated, and for which proofs of claim have therefore not been filed with the referee? (3) what is the status of a proof of claim, filed after the composition agreement has been accepted and the money to carry it out deposited, but before the composition has been confirmed?"

As to the first question certified, the referee says:

"It is contended that the necessary construction of section 12, cl. "b", in reference to composition confines the claimants on the fund to those whose claims have been allowed at the time of the filing of the composition offer."

Section 12, cl. "b", provides:

"An application for the confirmation of a composition may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings, have been deposited in such place as shall be designated by and subject to the order of the judge."

"It will be observed," he says, "that by the provision of this clause a composition agreement cannot be presented in court for confirmation until it has been accepted in writing 'by a majority in number of all creditors whose claims had been allowed,' and it goes on to provide that the consideration is 'to be paid by the bankrupt to his creditors,' etc. It is contended that the use of the words 'all claims

allowed' limit the amount of the deposit to such claims. * * * It appears to me that the intention of this provision is that only 'allowed claims' are entitled to consideration as to the question of the confirmation of the composition." The referee then states, in language I think too broad, what creditors are entitled to participate, but he comes to the conclusion that the bankrupt is required to deposit a sufficient sum of money to pay the percentage offered in composition on the total claims scheduled, and in this I am of the opinion he is right.

Section 12, cl. "b", at the proper time, permits the bankrupt to offer terms of composition to his creditors, and if accepted in writing by a "majority in number of all creditors whose claims have been allowed," which number represents a majority in amount of such claims, and he has deposited the necessary percentage or securities therefor required by the act, a confirmation of the composition may be had subject to the order of the judge. Section 14, cl. "c" [U. S. Comp. St. 1901, p. 3428], provides that the confirmation of a composition shall discharge the bankrupt from his debts other than those agreed to be paid by the terms of the composition, and those not affected by a discharge. Section 17, cl. 3, provides a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.

It seems to me that it was the intention in the enactment of section 12, cl. "b" [U. S. Comp. St. 1901, p. 3427] to authorize a majority in numbers and amounts of all creditors whose claims have been allowed to pass upon the question of the acceptance of a composition, but after that has been determined by these creditors whose claims have been allowed, then this section requires the bankrupt to deposit sufficient to cover the percentage offered in the compromise to cover all scheduled claims of creditors, and any unscheduled claims which have been presented and allowed before confirmation, because these scheduled claims are undoubtedly provable claims and discharged by a confirmation of a composition by section 13, cl. "c" (Glover Grocery Co. v. Dorne [Ga.] 8 Am. Bankr. Rep. 702, 42 S. E. 347), and unless there is a deposit sufficient to cover them the claimant is without remedy. As to all unsecured, unscheduled claims, provision is made for these by section 17, cl. 3, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], in that they are not discharged by the confirmation of a composition if they have not been duly scheduled in time for proof and allowance and the creditor had no notice or actual knowledge of the proceeding in bankruptcy. So that as to these claims the creditor is protected, and after a composition has been effected and the bankrupt discharged, such a creditor could recover on his claim against such property as the bankrupt might own when suit is brought by him; at least so much as he paid his other creditors who participated in the composition. But as to a creditor whose claim has been duly scheduled in time for proof and allowance, it seems to me that he must be protected by a deposit of a sufficient percentage to cover his claim, whether it had been

proven or not. There is no hardship in this on the bankrupt, because he knows what debts he owes, and it is presumed he will not schedule more debts, or debts for larger amounts, than he actually owes, and when they are so scheduled by him, and he offers a compromise, he should deposit sufficient to cover all scheduled debts without regard to whether they have been proven or not. This question has been very ably considered by a referee in the New York district, and his opinion is reported in the case of In re Fox, 6 Am. Bankr. Rep. 525, wherein he holds, that the deposit required of bankrupts in composition cases must be sufficient to cover, in addition to costs, priority claims and expenses, the named percentage, not only on all claims filed before confirmation, but also on all other claims listed by the bankrupts in their original schedule. See Collier on Bankruptcy, 159; Loveland on Bankruptcy, 677; Broadway Trust Co. v. Manheim, 14 Am. Bankr. Rep. 122, 95 N. Y. Supp. 93.

There are secured creditors to the amount of $39,858.33 who hold mortgages for their debts unliquidated, and none of these creditors took part in the composition proceedings, nor are there any objections here on their part to a confirmation for the reason that there is not a sufficient deposit offered by the bankrupt to secure for them their percentage on any deficiency that might arise after they have sold the mortgaged property and liquidated their claims, nor do we think they have any standing to make such a claim. They are secured creditors, and the act provides as to them (section 57, cl. "e", 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444]) that they shall either convert their securities into money and credit the receipts on account of the claim, or settle the value of their security by agreement, arbitration, compromise, or litigation, before they shall claim for any possible balance due and share in a dividend. The secured creditors in this case hold mortgages for their claims, and have not ascertained whether or not there will be any deficiency after they have foreclosed their mortgage, and until that fact is established, they have no claim against the bankrupt. But in case they should find there was an unpaid balance after the mortgaged property had been converted, then they are authorized under the act to bring suit against the bankrupt to recover an amount at least equal to the percentage paid other scheduled creditors. In re Kahn, 9 Am. Bankr. Rep. 111; Paret v. Ticknor, Fed. Cas. No. 10-711; Cavanna v. Bassett (C. C.) 3 Fed. 215; Loveland on Bankruptcy, 695.

The conclusions are: (1) A bankrupt in a composition proceeding is required to deposit, for the purpose of carrying out the composition, sufficient to cover costs, priority claims and expenses, and, in addition, the percentage named, not only on all claims filed before confirmation, but also on all other claims listed by the bankrupt in his schedule; (2) this will include, of course, scheduled claims filed after the composition agreement had been accepted and sufficient will be required to cover the same percentage upon them; (3) the bankrupt is not required to deposit sufficient to secure a percentage on secured claims, nor for any supposed deficiency, if it has not yet been ascertained and filed.