MARTIN et al. v. COMMERCIAL NAT. BANK OF MACON, GA. COMMERCIAL NAT. BANK OF MACON, GA., v. MARTIN et al. In re VIRGIN.

(Circuit Court of Appeals, Fifth Circuit. January 4, 1916.)

No. 2816.

1. BANKRUPTCY ⟨key⟩151—LIENS—RIGHT OF TRUSTEE.
    Under Bankr. Act July 1, 1898, c. 541, § 47a, 30 Stat. 557, cl. 2, as amended Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), providing that the trustee, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, where at the time a mortgage, executed more than four months before the filing of the petition in bankruptcy, was recorded within such four months, no other creditor had acquired a lien by legal or equitable proceedings, the trustee subsequently appointed did not acquire the status of a creditor holding a lien superior to that of the mortgage.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 193, 239; Dec. Dig. ⟨key⟩151.]

2. BANKRUPTCY ⟨key⟩159—VOIDABLE PREFERENCES—CONSTRUCTION OF STATUTE.
    Bankr. Act, § 60b, as amended in 1910 (Comp. St. 1913, § 9644), provides that if the bankrupt shall have made a transfer of property, and if at the time of the transfer, or of the recording or registering thereof, if by law recording or registering is required, and being within four months before the filing of the petition, the bankrupt be insolvent and the transfer then operate as a preference, and the person receiving it shall then have reasonable cause to believe that its enforcement would effect a preference, it shall be voidable by the trustee. Held, that unless a transfer, though made within four months before the filing of the petition, is one required by law to be recorded or registered, it is not voidable unless the bankrupt was insolvent at the time of the transfer, and the transfer then operated as a preference, and the person receiving it then had reasonable cause to believe that its enforcement would effect a preference.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 247, 248, 262, 268–281; Dec. Dig. ⟨key⟩159.]

3. BANKRUPTCY ⟨key⟩161—VOIDABLE PREFERENCES—CONSTRUCTION OF STATUTE.
    Under Bankr. Act, § 60b, when a transfer by a bankrupt was made more than four months before the petition was filed, but was recorded within that period, it is not voidable unless it was one required by law to be recorded or registered, and the stated invalidating circumstances existed

---

when it was recorded or registered, and if the transfer was not one required to be recorded, the transferee's knowledge at the time of the recording of the transferror's insolvency, and that a preference would be effected, does not make the transfer voidable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. ⊛161.]

4. **BANKRUPTCY** ⊛184—VOIDABLE PREFERENCES—CONSTRUCTION OF STATUTE.

Under Code Ga. 1910, § 3260, providing that mortgages not recorded within the time required remain valid as against the mortgagor, but are postponed to all other liens created or obtained, or purchases made, prior to the actual record of the mortgage, a mortgage was not a transfer required to be recorded, within Bankr. Act, § 60b.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. ⊛184.]

5. **BANKRUPTCY** ⊛345—LIENS—RIGHTS OF HOLDER OF LIEN AND OTHER CREDITORS.

Where a mortgage executed by a bankrupt more than four months before bankruptcy, but recorded within that period, and which was not required to be recorded within the meaning of Bankr. Act, § 60b, was not withheld from record fraudulently, or for the purpose of enabling the mortgagor to obtain credit from others, creditors whose debts were created after its execution and before it was recorded were not entitled to prorate in the distribution of the assets of the estate on equal terms with the mortgagee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. ⊛345.]

Appeal and Cross-Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

In the matter of J. H. Virgin, bankrupt. From an order allowing as a secured claim the claim of the Commercial National Bank of Macon, Ga., but denying it priority over certain other claims, W. E. Martin, Jr., trustee, and others appeal, and the claimant cross-appeals. Affirmed in part, and reversed in part.

Oliver C. Hancock, R. Douglas Feagin, and R. S. Wimberly, all of Macon, Ga., for appellants and cross-appellees.

George S. Jones and Orville A. Park, both of Macon, Ga., for appellee and cross-appellant.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. [1] In this case an attack is made on a mortgage executed by the bankrupt more than four months before the petition in bankruptcy was filed, but recorded within that period. Section 47a, clause 2, of the Bankruptcy Act, as amended in 1910 (36 Stat. 838, 840), provides that:

The trustee in bankruptcy, "as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings."

Very recently it has been authoritatively decided that under this provision the trustee takes the status of such creditor as of the time

the petition in bankruptcy is filed. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. —— (Nov. 29, 1915). When the mortgage in question was filed for record, no other creditor of the bankrupt had acquired a lien on the mortgaged property by legal or equitable proceedings. It follows that the trustee appointed in the subsequently instituted bankruptcy proceeding did not acquire the status of a creditor holding a lien superior to that of the mortgage. The ruling of the District Court to this effect was correct.

[2-4] The provision of section 60b of the Bankruptcy Act, as amended in 1910 (36 Stat. 842), so far as it has a bearing upon any question presented in this case, is as follows:

"If a bankrupt shall have * * * made a transfer of any of his property, and if, at the time of the transfer, * * * or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the * * * transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such * * * transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

It seems to us that the language of this provision requires the conclusion that unless a transfer, though it was made by the bankrupt within four months before the filing of the petition in bankruptcy, is one required by law to be recorded or registered, it is not voidable by the trustee unless the bankrupt was insolvent "at the time of the transfer," and the transfer then operated as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, then had reasonable cause to believe that the enforcement of such transfer would effect a preference. When a transfer by the bankrupt was made more than four months before the petition in bankruptcy was filed, but was recorded within that period, the statute does not have the effect of making it voidable at the instance of the trustee, unless it was one required by law to be recorded or registered and the stated invalidating circumstances existed when it was recorded or registered. In other words, if a transfer, made more than four months before the filing of the petition, was not one required by law to be recorded or registered, the transferee's knowledge, at the time of the recording within the four months period, of the transferror's insolvency and that a preference would be effected, does not make the transfer voidable by the trustee.

A different conclusion was reached in the case of In re T. H. Bunch Commission Co., 225 Fed. 243. We do not think that the considerations which influenced that conclusion are such as to warrant giving to the statute a meaning different from the one which its words express. The mortgage in question was not a transfer which the Georgia law "required" to be recorded. Before its record it was valid as against the mortgagor, and is subordinate only to other liens created or obtained, or purchases made, prior to its actual record. Code of Georgia 1910, § 3260; Meyer Bros. Drug Co. v. Pipkin Drug Co., 136 Fed. 396, 69 C. C. A. 240; In re Jacobson & Perrill (D. C.) 200

Fed. 812; In re Roberts (D. C.) 227 Fed. 177. We are not of opinion that the conclusion of the District Court to this effect is opposed to the provision found in amended section 60b of the Bankruptcy Act.

[5] The referee's finding that the mortgage was not withheld from record fraudulently, or for the purpose of enabling the mortgagor subsequently to obtain credit from others, was well supported by the evidence, and this finding was confirmed by the District Judge, who, in the opinion rendered, said:

"So far from there being an agreement or tacit understanding that the mortgage was to be withheld from record to the injury of subsequent creditors, it was expressly stipulated that no subsequent credit should be obtained."

Notwithstanding the finding of the absence of any fraud in the withholding of the mortgage from the record, it was held that the creditors whose debts were created after the execution of the mortgage and before it was recorded were entitled to prorate in the distribution of the assets on equal terms with the mortgagee. For support of the ruling to this effect reference was made to the decisions in the cases of Clayton v. Exchange Bank, 121 Fed. 630, 57 C. C. A. 656, and In re Jacobson & Perrill (D. C.) 200 Fed. 812. In each of those cases subsequent creditors were permitted to share in the security of a mortgage made before they became creditors, but recorded afterwards, because the withholding of the instrument from record was found to have constituted a fraud upon them. The reason which supported those rulings does not exist in the case at bar, where the explicit finding is that there was an absence of any such fraud. There was nothing in the conduct of the mortgagee which should be given the effect of entitling subsequent unsecured creditors to share with the mortgagee in the benefits of the mortgage. In re Roberts (D. C.) 227 Fed. 177.

From the above-stated conclusions it follows that there should be an affirmance, except as to the part of the decree which is brought into question by the cross-appeal, and that there should be a reversal as to that part of the decree; and it is so ordered.