9520.  VAUGHN-CARLTON COMPANY *v.* STUDEBAKER CORPORATION
OF AMERICA.

LUKE, J.  The appointment of a receiver by a bankruptcy court does not oust the bankrupt of title to his property seized by the receiver; and where property is sold under a contract by which title is retained in the vendor until payment of the purchase-money, the vendor's title is not lost by seizure of the property by a receiver in bankruptcy of the vendee.

(*a*) A composition by the bankrupt with creditors as provided by the bankruptcy act, made before he is adjudicated a bankrupt, and before the election of a trustee, does not have the effect of ousting the title retained under such a contract, unless the holder of the title so retained becomes a party to the composition and accepts its terms.

(*b*) Refusal of the petition in bankruptcy upon such a composition has the effect of discharging the receiver and placing possession of the property back into the alleged bankrupt.

(*c*) When the property is so redelivered, the holder of such title, upon proofs that he has not become a party to the composition, has the same legal rights open to him as if there had been no bankruptcy proceeding.

(*d*) The paper introduced by the plaintiff was, as between the parties, an effective retention of title of the property sued for. It was not error to grant the motion for a new trial.

*Judgment affirmed.  Wade, C. J., and Jenkins, J., concur.*
DECIDED OCTOBER 16, 1918.

Trover; from Colquitt superior court—Judge Thomas.  January 23, 1918.

In this action the Studebaker Corporation of America sought to recover certain wagons which it had sold to the defendant and to which, the plaintiff contended, title was retained in it by the con-

tract of sale. The trial judge directed a verdict in favor of the defendant, but granted a new trial, and the defendant excepted. In the judgment on the motion for a new trial it is stated that a new trial is granted "not in the exercise of the discretion of the court, but because, as a matter of law, the plaintiff is, under the evidence, entitled to recover the property sued for."

One of the contentions of the defendant was that the paper relied on by the plaintiff as reserving title in the vendor was not effectual for that purpose. On the face of the paper was an order for the wagons, signed on the part of the purchaser, and preceded by the words: "Enter our order subject to terms and conditions on back hereof." One of the conditions printed on the back was that title to the "goods delivered" under the order should remain in the vendor until full payment of the purchase-price. The name signed to the order was followed by the name of the salesman. There was no other signature on the paper, and it was not recorded. The defendant relied also on certain proceedings in bankruptcy and a composition with creditors, as a defense to the action. From the evidence it appears that after the delivery of the wagons to the defendant in February, 1917, certain creditors filed a petition in bankruptcy against the defendant, but it was not adjudicated a bankrupt. A receiver in bankruptcy was appointed, but there was no trustee. A composition with creditors was effected, in pursuance of which the wagons in question were turned back to the defendant by the receiver, under an order of the bankruptcy court. No claim in bankruptcy was filed by the Studebaker Corporation of America.

*Shipp & Kline,* for plaintiff in error, cited: As to reservation of title: Park's Ann. Code, § 3318; *Merchants &c. Bank* v. *Cottrell,* 96 *Ga.* 168 (2) ; General Fire Extinguisher Co. v. Lamar, 141 Fed. 353 (2) ; *Wheeler & Wilson Mfg. Co.* v. *Irish-American Dime Savings Bank,* 105 *Ga.* 57. As to effect of composition: Amendment of 1910 to bankruptcy act; 3 Remington on Bankruptcy (2d ed.), §§ 2346-50, 2354-1/4; *Glover Grocery Co.* v. *Dorne,* 116 *Ga.* 216; *Graham* v. *Richerson,* 115 *Ga.* 1002.

*P. Q. Bryan, James L. Dowling,* contra, cited: 1 Rem. Bkr. (2d ed.), § 1120, p. 909; 3 Ruling Case Law, 193; In re Winship Co., 120 Fed. 93 (56 C. C. A. 45) ; Rand v. Iowa Central Ry. Co., 16 Am. Bkr. R. 696-7 (186 N. Y. 58) ; In re Laplume Condensed Milk

Co., 16 Am. Bkr. R. 729-31 (145 Fed. 1013); Gordon *v.* Mechanics &c. Ins. Co., 22 Am. Bkr. R. 649 (120 La. Ann. 441, 45 So. 384); Johnson *v.* Collier, 222 U. S. 538 (27 Am. Bkr. R. 454); In re Thomas, 29 Am. Bkr. R. 945; In re Banks, 31 Am. Bkr. R. 270; Marcello *v.* Concordia Fire Ins. Co., 234 Pa. St. 31 (82 Atl. 1090, 59 L. R. A. (N. S.) 366; *Neill* v. *Barbaree, 135 Ga.* 773; Martin *v.* Commercial Nat. Bank of Macon, 228 Fed. 651 (143 C. C. A. 173; affirmed, U. S. Supreme Ct.. Adv. Ops. 1917, p. 201; *Graham* v. *Richerson* and *Glover Grocery Co.* v. *Dorne,* supra, distinguished.