## DUNLOP MILLING COMPANY v. OZBURN.

BECK, P. J. The Dunlop Milling Company brought suit against Ozburn on April 16, 1920, in the City Court of Atlanta. To this suit the defendant filed an answer setting up certain defenses. Subsequently he filed a petition in equity in the superior court, praying that the suit in the city court, upon grounds stated, be enjoined, and that all questions arising in the case be determined in the superior court. To this petition a plea was filed, and an answer in the nature of a cross-petition. The petition filed by Ozburn was dismissed, but the cross-petition was retained. It appears from the cross-petition that more than four months after the filing of the suit in the city court Ozburn was adjudicated a bankrupt, and scheduled indebtedness in favor of the Milling Company of $4,224.59. In the bankruptcy proceedings a composition was offered, and the same was accepted and duly confirmed. The Milling Company did not accept this composition or prove its claim. The plaintiff in the suit in the city court had sued out garnishments, which Ozburn had dissolved by giving bond more than four months before his bankruptcy. A temporary receiver in the United States district court had been appointed for the bankrupt estate; and on February 15, 1921, the receiver had been directed to act as dispensing officer for the 20 per cent composition. A period of one year within which claim might be proved was about to elapse on February 12, 1922, and the receiver had in his hands $1,626, the balance of the fund deposited with the United States district court by the bankrupt in order to pay the 20 per cent. composition. The Milling Company sought to have the receiver in the district court appointed as receiver in the State court to hold said fund, and prayed that Ozburn be enjoined and restrained from receiving the fund, and, in effect, that the fund be paid to the Milling Company and applied on Ozburn's debt to it; the Milling Company insisting that while it held a lien in the State court, by reason of its garnishment and the

dissolution bond given thereunder, nevertheless it was entitled in equity to receive at least the funds deposited by the bankrupt in the bankrupt court to the extent of 20 per cent. of its claim, and therefore sought to impound the balance of the composition fund in equity. The Milling Company refused to file its proof of claim in bankruptcy, and refused the composition offer. *Held,* that while the Milling Company may have obtained a lien as against the funds in the hands of the garnishee, which may be enforced against the sureties upon the bond, Ozburn was released from the debt as a matter of law, and the funds will not be impounded for the purpose of permitting a lien to be created after the adjudication, nor for the purpose of establishing a claim in equity that would deprive the bankrupt of the rights secured to him by the bankrupt law in consequence of the acceptance of the composition offered, which was duly confirmed; and the court properly dismissed the cross-petition and refused to impound the funds. *Bowen* v. *Keller,* 130 *Ga.* 31 (60 S. E. 174, 124 Am. St. R. 164) ; *Light* v. *Hunt,* 17 *Ga. App.* 491 (87 S. E. 763) ; *Glover Grocery Co.* v. *Dorne,* 116 *Ga.* 216 (42 S. E. 347) ; Collier on Bankruptcy (12th ed.), 314, § 12 (e), Id. 403, § 14; Id. 406, note 456; Remington on Bankruptcy (2d ed.), § 2351.          *Judgment affirmed. All the Justices concur.*

No. 3808. FEBRUARY 14, 1924.

Equitable petition. Before Judge Bell. Fulton superior court. April 25, 1923.

*Smith, Hammond & Smith,* for plaintiff in error.
*C. H. Calhoun and W. J. Davis Jr.,* contra.

