## In re DORB THE CHEMIST, Inc.

District Court, S. D. New York.

Jan. 14, 1933.

Newman & Bisco and William J. Granger, all of New York City, for Manufacturers' Trust Co.

David E. Singer and Irving Sohon, both of New York City, for respondent.

GODDARD, District Judge.

This is a motion by the Manufacturers' Trust Company, a creditor, made after confirmation of a composition to direct a valuation of securities held by it and to compel the bankrupt to deposit the composition dividend to cover any deficiency.

The material facts are as follows:

On February 19, 1932, an involuntary petition in bankruptcy was filed against Dorb the Chemist, Inc.; on March 1, it was adjudicated a bankrupt and the matter referred to referee in bankruptcy, Henry K. Davis; on April 1, the bankrupt filed schedules listing the Manufacturers' Trust Company as a creditor, and, under the heading, "Creditors Holding Securities," appeared the following:

| | Value of Securities | Amt. of Debts |
|---|---|---|
| Manufacturers' Trust Company, evidenced by promissory note—$51,900.00 Secured by chattel mortgages—$51,600.45 | $51,600.45 | $51,900 |
| 1. Jan. 1, 1930—$25,000, 57th St. store Bravin & Levine, Mortgagor, due Jan. 1, 1935; | | |
| 2. Jan. 11, 1930—$18,100, 70th Street Store Mendelsohn & Lowenstein, mortgagor, due Feb. 1935. | | |
| (Balance of this indebtedness to wit, $299.55 listed in Schedule A 3, unsecured creditors) | | |

Under the heading, "Creditors Whose Claims are Unsecured," appeared "Manufacturers' Trust Company—$299.55."

On May 9, after the first meeting of creditors and notice of the proposed composition, an offer of 10 per cent. payable in cash was made by the bankrupt to its creditors. This offer was accepted by the creditors. A representative of the Manufacturers' Trust Company was present at this meeting, and it had notice of all the bankruptcy proceedings. On May 16, the bankrupt petitioned for confirmation of its composition alleging that the necessary cash had been deposited. Included in the funds deposited was $30 to cover the scheduled unsecured claim of the Manufacturers' Trust Company of $299.53. In July, the funds which had been deposited were distributed to the various creditors, including the $30 to the Manufacturers' Trust Company. On receipt of the check for this $30, the trust company's representative wrote to the receiver returning the check and advised it that the collateral held by the trust company was of no value and that the $30 was not sufficient to cover the claim filed in its behalf. After a lengthy investigation by the attorneys for the trust company, it was discovered that no proof of debt had been filed with Referee Davis, the referee in charge of this matter, but on May 16 its proof of debt had, by error, been filed with Referee Ehrhorn. That proof of debt stated that the bankrupt was indebted to the Manufacturers' Trust Company in the sum of $51,715.07 on "a collateral promissory note," and attached

to the proof of debt was a copy of the note which includes a list of the collateral pledged by Dorb the Chemist, Inc., and held by the Manufacturers' Trust Company. On December 5, these motion papers were served upon the attorneys for the bankrupt.

The Manufacturers' Trust Company asks that the following relief be granted: (1) Directing the formal filing of the claim of the Manufacturers' Trust Company; (2) directing that the valuation of the schedules so held by the Manufacturers' Trust Company be delivered; (3) amending the schedules in bankruptcy herein by inserting the true value, if any, of the securities; (4) amending the order of composition heretofore entered herein by amending the schedules annexed to said order by inserting the true amount of the unsecured claim of the Manufacturers' Trust Company and requiring the bankrupt, Dorb the Chemist, Inc., to deposit with the referee 10 per cent. of the difference between the amount of the claim of the Manufacturers' Trust Company as scheduled and the value, if any, of the collateral security for said indebtedness, and for such other and further relief as may be just and proper.

The bankrupt objects to granting any part of this motion on the grounds that (1) the court is without jurisdiction; (2) the court is without power to direct the bankrupt to deposit additional money after the confirmation of the composition; (3) the court is without power to amend the order confirming the composition or the schedules annexed thereto; (4) the petitioner is barred from securing the relief requested by reason of its own laches, the petitioner having failed to file its claim within the time limited by the bankruptcy act; (5) the petitioner, as a secured creditor, looked for payment from this security and therefore made an election which it cannot now rescind.

Section 13 of the Bankruptcy Act (11 USCA § 31) provides that a composition may be set aside within six months after the composition if it appears that fraud was practiced in procuring the composition. It is clear that no relief can be granted under this section for more than six months has elapsed in the case at bar since confirmation was affirmed, and moreover there is no allegation that fraud was practiced by the bankrupt.

█ Even if the proof of debt prepared by the trust company and filed with Referee Ehrhorn instead of Referee Davis, to whom the bankruptcy proceedings had been referred, and who had jurisdiction of it, should be regarded as formally filed with the referee in charge of this proceeding, I do not see how that would affect the situation, for that proof of debt was for a secured claim (and the amount of the debt stated therein was less than the amount stated in the schedules). If the bankrupt has deposited the amount offered by him in the composition and the full amount required by the court as a condition to confirmation, the court has no authority to require him to deposit an additional sum except in the event of fraud, and a creditor who knows that a composition has been offered and may be confirmed should see to it that his claim is properly included, and may lose his right to fully participate in the benefit of the composition if the creditor has due notice and the bankrupt acts in good faith. In re Laubheim Bros., Inc. (C. C. A.) 22 F.(2d) 910; In re Wilkens (D. C.) 191 F. 94; In re Abrams & Rubins (D. C.) 173 F. 430; In re Cooper Bros. (D. C.) 166 F. 932.

█ Section 12e of the Bankruptcy Act (11 USCA § 30 (e) provides that upon confirmation "the consideration shall be distributed as the judge shall direct, and the case dismissed."

But "the court retains jurisdiction so long as anything remains to be done to carry out the composition." In re Everick Art Corporation (C. C. A.) 39 F.(2d) 765, 768.

█ It seems to me that the question presented is whether the bankrupt has complied with the terms of his composition agreement which is in the nature of a bargain between himself and his creditors. If he has, the court's jurisdiction of the matter is ended; if not, the court may order him to do so. The creditor could have had his security valued and required the bankrupt to include in his deposit an amount to cover any deficiency. This the creditor neglected to do. Section 57h of the Bankruptcy Act (11 USCA § 93 (h), provides that the value of the security held by creditors shall be determined in several ways, including converting them into money according to the terms of the agreement, pursuant to which the securities were delivered to the creditor by agreement, arbitration, compromise, or by litigation as the court may direct, and the amount of such value shall be credited upon the claim and a dividend paid upon the balance. No such request was made by the creditor, and, in the absence of it or objection, it seems to me that the bankrupt could reasonably have understood and have fairly assumed that the creditor was content to waive any deposit except on the $300, in accordance with the valuation placed upon the security in the sched-

ules. The order of May 25, 1932, confirming the composition, to which no objection was made by the creditor, recited that $300 had been deposited by the bankrupt on the claim of the Manufacturers' Trust Company. The creditor has lost by his laches a right he might have exercised. Remington on Bankruptcy (3d Ed.) § 3088, states: "The bankrupt can estimate the value of the securities if the creditor neglects to do so and the creditor will be estopped by his laches." It seems to me that the bankrupt has complied with the terms of his composition, and therefore this court has no further jurisdiction in the matter.

In Re Watman et al. (D. C.) 291 F. 886, in Re Klein (C. C. A.) 22 F.(2d) 906, 910, and in Re Everick Art Corporation (C. C. A.) 39 F.(2d) 765, 768, the decision of the court was based upon the ground that even after confirmation it had the power to compel the bankrupt to deposit the funds which the bankrupt had agreed to do under the composition. However, a different situation exists between the case at bar and those cases. In the Watman Case the bankrupt had scheduled a creditor without extending the amount of his claim and it was held that this meant that the creditor was entitled to have the schedules amended nunc pro tunc so as to show what that amount was and that the bankrupt must make a further deposit so as to provide for this claim on the same basis as that of other creditors whose claims were allowed. In the Klein Case the creditor was scheduled for the proper amount but the bankrupt failed to deposit the composition notes due the creditor, and the court held that it had the "power to compel the bankrupt to make good his representation by depositing the omitted consideration which he has innocently misrepresented as already deposited." In the Everick Art Corporation Case it was held that a composition with bankrupt's creditors should not have been confirmed until consideration for a disputed claim was deposited, and that, as the petition for confirmation averred that the consideration to be paid to creditors had been deposited, and that, as the averment was false but was assumed to be an honest mistake as no funds had been deposited to cover the disputed claim in the event it turned out to be well founded, opportunity should be given to such creditor to establish his claim and the bankrupt be required to deposit the amount of money called for under the composition. In

the opinion of Judge Swan in the Everick Art Corporation Case, it is stated: "While it may be true in general that secured creditors are not parties to an offer of composition (In re Harvey [D. C.] 144 F. 901: cf. Remington, Bankruptcy [3d Ed.] § 3088), nevertheless, where the bankrupt shows by his schedules that there is an excess of indebtedness over the security, we think he must be deemed to include the secured creditor to the extent of such excess in his offer of composition."

That is precisely the situation in the case at bar. The bankrupt has deposited the amount required to cover such excess.

The following cases are cited as supporting the conclusion which I have reached on the question before me, but are not to be regarded as indicating the effect to be given to the composition if and when the creditor seeks to collect any deficiency between the amount of its claim and the proceeds of the collateral, for that question is not before this court and is not being decided: Cavanna v. Bassett et al. (C. C.) 3 F. 215, 217, where it was held that a secured creditor "could not be compelled to surrender her security and come in and prove her claim; nor was it incumbent on her to have her security valued and then to make proof of any balance; nor should her failure to do this be taken as evidence that she intended to rely wholly for payment of her demand upon her security. The bankrupts knew, or should have known, that there was a liability that the security would not pay the indebtedness. They were chargeable with notice that such a contingency might arise, and if they desired to put complainant in position where the composition proceedings would operate upon her, they might have applied to the court for proceedings compulsory in their nature to have the security valued. Not having done so there remained a liability that in case the security should prove inadequate, complainant would have the right, as to any deficiency, to compel payment of the same to the extent of the percentage paid to unsecured creditors under the composition." To the same effect are Paret v. Ticknor, 18 Fed. Cas. page 1093, No. 10,711; Flower v. Greenbaum (C. C.) 50 F. 190; In re Harvey (D. C.) 144 F. 901. See, also, American Woolen Co. of New York v. Cohen, 142 App. Div. 880, 127 N. Y. S. 787; In re Kahn (D. C.) 121 F. 412, 9 Am. Bankr. R. 111.

Accordingly the motion is denied.