## In re NESTLER.

### No. 19746.

District Court, E. D. New York.

Nov. 27, 1933.

Glass & Lynch, of New York City, for claimant Bridgman Bates & Co.

House, Grossman & Vorhaus, of New York City, for bankrupt.

BYERS, District Judge.

Motion to confirm report of a special master recommending the granting of a motion made on September 16, 1932, to amend an order confirming a composition dated March 2, 1931. The report was referred back by order of September 29, 1933, directing a supplemental report which should disclose whether the bankrupt had paid into court, for the purposes of the composition, sufficient funds to pay this claim according to the offer; and whether the amount which would have been paid to this creditor (Bridgman Bates & Co.), had they participated, had been turned over by the bankrupt to the corporation which succeeded to the bankrupt's individual enterprise.

A supplemental report dated October 30th contains affirmative answers to both questions, but no new recommendation.

The purpose of remitting the report for findings of fact, was to clearly establish whether the bankrupt had failed to perform any of his duties in connection with the composition. Cf. In re Everick Art Corp. (C. C. A.) 39 F.(2d) 765.

The supplemental report affirmatively shows that there was no such failure. The bankrupt deposited with the clerk of this court more than sufficient cash to pay Bridgman Bates & Co. 15 per cent. of so much of their claim as was unsecured, namely, $4,647.-00. The schedules filed by the bankrupt showed the exact status of this creditor, which was that, as to the difference between the debt and the value of the security held, they were entitled to file a claim as a general creditor.

The referee failed to list this creditor in the original composition report, which was confirmed on March 2, 1931, as has been stated.

A claim was filed with the referee as to the $4,647.00 on March 10, 1931, but of course this was too late to enable the referee to act upon it. So leisurely was the creditor's process, that nothing further was attempted for a period of eighteen months, when this motion was made.

In the meantime (April 10, 1931) the funds not required to pay the 15 per cent. in composition were returned to the bankrupt's attorneys. This date is erroneously stated in the referee's supplemental report as April 10, 1933. On August 24, 1931, that sum ($849.46) was embodied in a larger check, and paid over to George Nestler Store, Inc., the corporation which succeeded to the bankrupt's individual enterprise, and in which several of the creditors in bankruptcy had taken stock for 100 per cent. of their claims, in lieu of the 15 per cent. cash, in accordance with the terms of the offer in composition.

The facts have been thus stated in detail, in order that it may be made clearly to appear that the bankrupt by neither act nor omission created the condition in which Bridgman Bates & Co. now find themselves.

It is true that a statement of indebtedness as of May 1, 1931, showing a balance of $4,599.21 was sent by the creditor firm to the bankrupt, and on May 14, 1931, a letter was written by the latter's attorneys in response, as follows:

"House, Grossman & Vorhaus

"May 14, 1931

"Re: George Nestler
"Messrs. Bridgman, Bates & Co.,
26 Broadway, New York City.
"Gentlemen:
"Our client, Mr. George Nestler, has forwarded to us a statement from you purporting to show a debit balance of $4599.21.

"Please be advised that any liability of Mr. Nestler to your firm was composed and discharged in connection with the recent adjudication and ensuing composition of Mr. George Nestler.

"Yours very truly,
"House, Grossman & Vorhaus,
"DV:MC By (signed) David Vorhaus

"Carbon copy to Paul B. Warner & Co. 41 Maiden Lane, New York, N. Y."

It can scarcely be argued that the foregoing indicates a failure on the part of the bankrupt to perform his duties in connection with the composition.

Whether anything could have been accomplished by the creditor at that time, by the display of diligence, does not enter into the present question, for the fact remains that the matter was not drawn to the attention of the court until sixteen months had elapsed.

Unless a duty can be spelled out which rested upon the bankrupt to see that the referee functioned completely in the composition proceeding, and that the attorneys for the creditor adequately represented their clients, it must be apparent that this motion to amend the order confirming the composition must be denied. No authority is cited, nor has any been found by the court, involving circumstances similar to those here presented; nor does reason point to the wisdom of confirming the report dated May 9, 1933, as supplemented October 30, 1933.

In re Dorb, The Chemist (D. C.) 3 F. Supp. 457, while distinguishable on the facts, is in principle like this case, and the conclusion herein reached is thought to be quite in harmony with that decision of Judge Goddard, whose opinion contains a helpful discussion of the cases.

Motion to confirm report denied. Settle order.