ROBERT S. HARDAWAY, plaintiff in error, vs. P. J. SEMMES, defendant in error.

If a mortgagee does not record his mortgage in three months, he risks having it postponed, to after-made mortgages, and to judgments obtained before he has foreclosed it; but this is all he risks.

Garnishment, from Muscogee county. Decided by Judge WORRILL, November Term, 1857.

A summons of garnishment was issued, in an action brought by Robert S. Hardaway against Edward T. Taylor, directed to Paul J. Semmes. Semmes answered, and upon the hear-

ing, the plaintiff introduced as a witness, the garnishee, Semmes, who testified that Taylor had deposited in his hands, as agent of the State Bank, collateral security for a debt due from him to the bank, which he turned over to the bank before the service of the summons of garnishment. That he had also previously to the service of the said summons, (which was admitted to have been made on the 14th day of November, 1856,) taken from Taylor two mortgages, one on his house and lot, and the other on two negroes. Could not remember the dates of the mortgages, nor whether they were made to him (in the wording of them) individually, or as the agent of the bank. On being shown one of the mortgages, he testified that it was given in September, 1856. Both the mortgages were given him on the same day, and in the wording of them, to him individually, but really as agent of the bank, and that though they were so given, he had no interest in them, but they were given to secure a debt due to the bank. These mortgages were in his hands, but since that time had been foreclosed, and he had received, as agent of the bank, and appropriated to the payment of the debt of the bank, from the sale of one of the negroes, about $1,000, and that the proceeds of the sale of the other property was held up in the Sheriff's hands by the plaintiff's attorneys; could not remember how many mortgages, or the dates of them, he had taken from Taylor, but he thought he had taken two others in each case, and when he took the first the understanding between himself and Taylor was, that the mortgages should not be recorded just then, but that Taylor should renew them or give new ones when the time, limited by law for the recording of mortgages, expired. There was the same understanding when the second mortgage was given, and also when the third and those he held were given, and upon one of which he had received $1,000. That the other two mortgages had not been recorded, and the third only after Taylor ran away, but within three months from its execution. According to his recollection, the time for recording had

Hardaway vs. Semmes.

elapsed in each of the two preceding mortgages before the succeeding ones were given. That notwithstanding the understanding between himself and Taylor, he did not consider it a binding contract against him, but only a request to which he assented, and as a matter of courtesy, promised Taylor not to record them, but said he should reserve the right to do so if he thought it prudent. That at the time of the service of the summons of garnishment, he was not indebted to Taylor, nor had he any effects or property of any kind belonging to him.

After argument, the Court proceeded to charge the jury, that if they believed from the evidence that Dr. Taylor was indebted to the bank, and gave to the garnishee, as agent of the bank, and to secure a debt due to it, the mortgage testified to, and that when the first mortgage was given it was the understanding between the garnishee and Taylor that it should not be recorded, and that before the time elapsed he (Taylor) would give another mortgage on the same property to secure the same debt, and that the mortgage was not therefore recorded, and that a second mortgage was given in pursuance of that agreement, and at that time a similar understanding was entered into as to that mortgage and carried out, and a third given in pursuance thereof, and a similar understanding in regard to that; and they should further believe that the latter mortgage was recorded within the three months after its execution, and that the garnishee received the $1,000 or any other sum, as agent of the bank, and paid it over to the bank on the last mortgage; that he was entitled to hold it, and that it was not the money of the defendant Taylor, and that that was the only issue they had to try: the counsel for plaintiff, Hardaway, averring to the Court, at the time, that he only contended for the $1,000 received on the mortgages, and in the course of his argument to the jury, and at the conclusion thereof, disclaimed all other demands.

Plaintiff's counsel requested the Court to charge the jury, that if they believed that there was an understanding between Semmes and Taylor, at the time the mortgages were given on the two negroes, as testified to by witness, that the mortgagee should withhold the mortgage from record, and that the mortgagor should give another mortgage before the time, required by law that mortgages on personal property should be recorded, expired; and that the mortgage was not recorded; that the mortgage was void as to creditors, and had no lien on the property as between the mortgagee and Taylor's creditors.

Plaintiff's counsel also requested the Court to charge the jury, that if they should believe that the mortgage under which the money was received by Semmes, was made to Semmes individually, and that at the time Semmes received the money Taylor did not owe him any thing, the money so received was still the money of Taylor. That if they believed that the garnishee had become indebted to Taylor, or obtained any of his property or effects since the summons of garnishment, that he was answerable for the same as if he had received it before, and had it at the time of the service—the plaintiff's counsel offering at the same time to amend the traverse so as to include it.

The Court refused to give these charges, and to the refusal of the Court to charge as requested, and to the charges given by the Court, the plaintiffs counsel excepted, and assigned the same as error.

Dougherty, for plaintiff in error.

Holt & Hutchins; Wellborn, Johnson & Sloan, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

The only law subjecting a mortgagee to any risk, for not recording his mortgage in three months, is that contained in

Hardaway vs. Semmes.

the fourth section of the Act of 1827, entitled, "an Act to provide for the recording of deeds of mortgage," &c. That section is in the following words: "Upon failure to record any mortgage as hereinbefore required, within the time or times hereinbefore specified for recording the same, that then and in such case, all judgments obtained before the foreclosure of the said mortgage, and also any mortgage executed after the same, and duly recorded, shall take lien on the said mortgaged property, in preference to the said mortgage." *Pr. Dig.* 166.

This law does not subject a mortgagee to any loss in such a case as the present. The garnishing creditor in the present case, did not obtain his judgment, (if at all,) "before the foreclosure" of the mortgage; he was not the holder of a mortgage "executed after" this mortgage. His case is not within the law.

Indeed, it does not appear, that he gave credit in consequence of the non-registration of the mortgages. It does not appear that he ever searched the records. His debt may have been older than the oldest of the three mortgages.

Nothing in the common law required, or even encouraged, a mortgagee to record his mortgage.

We see nothing erroneous in the decisions excepted to.

There does not seem to have been any thing in the evidence, to authorize the last request.

Judgment affirmed.