## THOMPSON vs. MORGAN.

Where the contest over a fund was between two judgments obtained November 7, 1887, executions issuing upon which had been levied upon a mule, which was sold thereunder, and a mortgage on the mule dated February 9, 1887, but not foreclosed until December 14, 1887, the fund was properly awarded to the judgments, the mortgage never having been recorded in the county where the mortgagor resided at the time of its execution, and where he still resided at the time of its foreclosure and the sale of the mule.

(a) Code, §3979, had no application to the facts.

April 8, 1889.

Judgments. Mortgages. Record. Before P. W. MELDRIM, Esq., judge *pro hac vice.* Bryan superior court. May term, 1888.

Reported in the decision.

A. C. WRIGHT, by brief, for plaintiff in error.

No appearance *contra.*

SIMMONS, Justice.

W. J. and N. E. Kelly obtained two judgments against Smith, on November 7th, 1887. Executions were issued

thereon and levied upon a certain mule, which was sold thereunder. One J. C. Thompson had a mortgage on the mule, which he had foreclosed on the fourteenth of December, 1887. The mortgage was dated February 9th, 1887, and was recorded in Tattnall county. It was not recorded in Bryan county, where the mortgagor resided at the time of its execution, and where he still resided at the time of its foreclosure and the sale of the mule. Thompson claimed the money in the hands of the sheriff, because, as he alleged, his lien was older than the lien of the Kellys' judgments. Under this state of facts, the trial judge ordered the sheriff to pay over the money in his hands on the judgment of the Kellys; holding that as Thompson had never recorded his mortgage in the county where the mortgagor resided, the judgment lien of the Kellys took precedence over the mortgage lien.

We see no error in this ruling of the court below. The code, §1956, requires mortgages on personalty to be recorded in the county where the mortgagor resided at the time of the execution of the mortgage, if a resident of this State. Section 1957 declares that mortgages not recorded within the time required, remain valid as against the mortgagor, but are postponed to all other liens created or obtained, or purchases made, prior to the actual record of the mortgage. Thompson not having recorded his mortgage at all in the county of the mortgagor's residence, his lien, although it remained valid as against Smith, the mortgagor, was postponed to the judgment lien of the Kellys.

It is insisted, however, by the plaintiff in error, that the Kellys, if they contested the validity or fairness of Thompson's mortgage, should have made an affidavit with the grounds on which they relied to defeat the mortgage, and given bond and security as provided in

section 3979 of the code.    We agree with the trial judge that, under the facts of this case, this section of the code had no application.

Judgment affirmed.