HAWKINS v. DANNENBERG CO. et al.

(District Court, S. D. Georgia. June 1, 1916.)

1. BANKRUPTCY ⨳293(2)—ACTIONS—JURISDICTION OF COURT OF BANKRUPTCY.
    Under Bankr. Act July 1, 1898, c. 541, §§ 23b, 60b, 67e, 30 Stat. 552, 562, 564 (Comp. St. 1913, §§ 9607, 9644, 9651), a court of bankruptcy has jurisdiction to entertain a bill to set aside a mortgage executed by a bankrupt as being preferential and also fraudulent.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 411; Dec. Dig. ⨳293(2).]

2. ELECTION OF REMEDIES ⨳12—ACTION IN STATE COURT—JURISDICTION OF COURT OF BANKRUPTCY.
    Prior to bankruptcy, defendant instituted in an inferior state court a proceeding to foreclose a chattel mortgage given by the bankrupt, which was recorded less than a month before bankruptcy. After adjudication, the trustee intervened in the state court, setting up his claim that the mortgage was not only preferential, but was fraudulent. Held, that the trustee was not precluded, it appearing that, owing to the limitations on the jurisdiction of the state court, his rights could not therein be adjudicated, from instituting a plenary suit in the court of bankruptcy to set aside the mortgage and recover the proceeds, which the parties had agreed should stand in lieu of the mortgaged property, for the intervention in the state court was not an irrevocable election of remedies.
    [Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 15; Dec. Dig. ⨳12.]

3. BANKRUPTCY ⨳295—CITY COURTS IN GEORGIA—JURISDICTION.
    A Georgia city court is without jurisdiction, it having no equitable jurisdiction other than to give effect to equitable defenses, to entertain an

⨳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

intervention in foreclosure by the mortgagor's trustee in bankruptcy to set aside the mortgage as preferential and fraudulent and recover the proceeds from sale of the mortgaged chattels, which it had been agreed should stand in lieu thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 414, 417; Dec. Dig. ☞ 295.]

4. CHATTEL MORTGAGES ☞197(1)—WITHHOLDING FROM RECORD—VALIDITY AGAINST CREDITORS.

Where, for the purpose of enabling the mortgagor to obtain fictitious credit, mortgagee withholds from record a chattel mortgage, the mortgagor retaining possession, such mortgage is fraudulent as to subsequent creditors.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 430-432; Dec. Dig. ☞197(1).]

5. BANKRUPTCY ☞184(2)—PREFERENCES—MORTGAGE LIEN—RECORDING.

It would seem that since the amendment of 1910, clothing a trustee in bankruptcy with the rights, remedies, and powers of the holder of a lien obtained by legal proceedings, a mortgage, under the Georgia law, is "required" to be recorded within the meaning of section 60b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562 [Comp. St. 1913, § 9644]).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 276; Dec. Dig. ☞184(2).]

In Equity. Bill by Robert T. Hawkins, trustee of the Warlick Bros. Company, bankrupt, against the Dannenberg Company and others. On motion to dismiss. Motion denied.

Complainant, Robert T. Hawkins, as trustee of the Warlick Bros. Company, bankrupt, brought a bill in equity in the United States District Court against the Dannenberg Company and C. W. Fuller, sheriff, in which he alleged that the said Warlick Bros. Company was adjudicated bankrupt on August 1, 1914; that said company had been engaged in the general merchandise business in Americus, Ga., and in January, 1914, executed to the Dannenberg Company a mortgage upon all its stock of goods in order to secure an indebtedness then existing, as well as for future purchases of goods; that the Dannenberg Company fraudulently withheld said mortgage from record by agreement until July 18, 1914, upon which date it made a demand upon the Warlick Bros. Company for immediate payment of the mortgage, and upon its failure to pay same the mortgage was recorded on said date, and on the same day was foreclosed in the city court of Americus, and the stock of goods was levied upon by the sheriff of that court. Complainant alleged that the mortgage was fraudulent and void, that the effect of same was to give a preference to the Dannenberg Company over other creditors, and that the failure of the mortgage to record same, as provided by the Georgia statute, was fraudulent; that many persons had, subsequently to the execution of the mortgage and before its record, sold goods to the bankrupt under the assumption that it had an unincumbered title to its stock of merchandise, and that the failure to record the mortgage gave to the bankrupt a false and fictitious credit, to the injury of such subsequent creditors. The trustee, therefore, prayed for the cancellation of the mortgage as being fraudulent, and also as being preferential, and for an injunction against the sheriff selling said property under the foreclosure proceedings instituted in the city court of Americus. Subsequently, by agreement of counsel, the sheriff was allowed to sell the stock of goods under said foreclosure proceedings and to hold the funds in lieu of the property, and by a consent order the trustee was allowed to intervene in the city court of Americus for the purpose of asserting his rights to the fund derived from the proceeds of the sale of the stock of goods in question. The trustee thereupon filed his intervention in the city court of Americus attacking the mortgage upon the same grounds taken in his bill in the United States District Court. Thereafter he amended his bill in this court, and alleged that the city court of Americus was under the laws of the state of Georgia a court of limited jurisdiction and had no

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
234 F.—48

equity jurisdiction, and therefore that he could not fully assert all his rights in that court, but that it was necessary for the District Court of the United States to proceed with his bill, so as to enforce his rights as trustee against the fund in question, and against the Dannenberg Company and the sheriff of the city court of Americus, who had such funds in his possession. The Dannenberg Company thereupon filed its motion to dismiss the bill in equity on the ground that complainant had elected to intervene in the state court and that this election was final, and on the further ground that the District Court of the United States should not take jurisdiction of the matter, as complainant could enforce all his rights, legal and equitable, in the intervention which he had filed in the state court, which had first taken jurisdiction of the mortgaged property.

Little, Powell, Smith & Goldstein, of Atlanta, Ga., and Ellis, Webb & Ellis, of Americus, Ga., for complainant.

Hardeman, Jones, Park & Johnston, of Macon, Ga., for defendant Dannenberg Co.

LAMBDIN, District Judge (after stating the facts as above). This case is now before me upon motion made by the defendant the Dannenberg Company to dismiss complainant's bill upon the grounds above stated. .

[1, 2] 1. Complainant by his bill seeks to set aside the mortgage held by the Dannenberg Company as being preferential, and as also being fraudulent, and his bill is therefore apparently brought under sections 60b and 67e of the national Bankruptcy Act. Under these sections, and under section 23b of the Bankruptcy Act, this court has jurisdiction to entertain the bill. It is contended by the Dannenberg Company that, inasmuch as complainant intervened in the proceedings in the city court of Americus and endeavored there to attack the mortgage in question, he cannot now come into the United States court and make the same attack. We do not think this contention is sound. If the complainant went into the state court under the idea that he could there enforce and assert all the rights which he claims against the mortgagee, but after so doing found that he was mistaken in his forum, and could not in that court fully protect himself and those he represents, we see no reason in law or equity why he should not be allowed to come into this court. The doctrine of the election of inconsistent remedies is not involved in such action. Board of Education v. Day, 128 Ga. 156, 57 S. E. 359.

[3] 2. This brings us to the consideration of the main question in the case, which is whether the city court of Americus affords to the complainant full, adequate, and complete relief. Under the laws of the state of Georgia, the city court of Americus is a court of law and has no equity jurisdiction; such jurisdiction being lodged exclusively in the superior courts of the state. While for defensive purposes it has been held that city courts may afford equitable relief, yet the decisions of our higher courts are uniform to the effect that the city courts of Georgia cannot afford affirmative equitable relief. This question is exhaustively discussed by the Supreme Court of Georgia in the leading case of Hecht v. Snook & Austin Furniture Co., 114 Ga. 921, 41 S. E. 74. The complainant in the bill before the court is seeking equitable relief, as may be seen from the brief analysis of the bill set out

above. The relief prayed for by the complainant is entirely equitable. It is true that, under section 5348 of the Code of Georgia of 1910, the courts, even city courts in this state, upon rules for the distribution of money, proceed upon equitable principles. However, this section of the Code seems to provide that, before a person can come into court under such a rule or proceeding and ask that money raised by process be awarded to him, he must have some lien upon the fund in question.

The complainant in this case does not have such a lien, but claims that the act of the mortgagee in withholding his mortgage from the record is a fraud upon subsequent creditors of the bankrupt, and that therefore the mortgagee is estopped from attempting to enforce the mortgage against these creditors. He also claims that the mortgage was made, and also withheld from record, for the purpose of hindering, delaying, and defrauding creditors, and he prays for a cancellation of the mortgage, and for a decree holding that the mortgage is void as a preference and as a fraud upon the creditors represented by him. All these matters are entirely of equitable cognizance, and, such being the case, inasmuch as the complainant has no lien upon the fund in question, and is asking for affirmative equitable relief against the Dannenberg Company, I am of the opinion that the city court of Americus cannot afford him the full and complete relief which he desires. At any rate, it is very doubtful. Counsel who submitted briefs on both sides of the question are attorneys of ability, and they utterly disagree on this point. Such being the case, is it proper for this court to send the complainant back to the city court of Americus, where his rights are doubtful, to say the least? The bankruptcy law is paramount, and since the bill before the court is a plenary bill in equity, where full effect can be given to the rights of all the parties interested, this court is of the opinion that it should retain the bill.

[4] It is well settled by the rulings of the courts of the United States that, where mortgages are withheld from record by agreement for the purpose of enabling the mortgagor to preserve his credit, such mortgages are fraudulent as against subsequent creditors. Collier on Bankruptcy (10th Ed.) 939; Clayton v. Exchange Bank of Macon (C. C. A. Fifth Circuit) 10 Am. Bankr. Rep. 173, 121 Fed. 630, 57 C. C. A. 656; In re Duggan, 25 Am. Bankr. Rep. 479, 183 Fed. 405, 106 C. C. A. 51. Since, therefore, the rights of complainant are well recognized in the courts of the United States, and as the court hardly thinks he can fully assert his rights in the city court of Americus, the motion to dismiss the bill will be overruled.

3. Before leaving the subject the court may be permitted to comment upon the question as to whether the mortgage which is attacked in this case may be considered as a preference under section 60b of the Bankruptcy Act. This court is bound on this question by the recent decision of the Court of Appeals of this circuit in the case of W. E. Martin, Jr., Trustee, v. Commercial National Bank of Macon, 228 Fed. 651, —— C. C. A. ——, 36 Am. Bankr. Rep. 25, which decision follows the prior decision of the same court in the case of Meyer Bros. Drug Co. v. Pipkin Drug Co., 136 Fed. 396, 69 C. C. A. 240,

14 Am. Bankr. Rep. 477. The mortgage involved in this case was executed more than four months before the filing of the petition in bankruptcy, but was not recorded until within that period.

Under section 60b of the Bankruptcy Act, I am personally of the opinion that if, at the time of the record of this mortgage, the bankrupt was insolvent and the mortgage then operated as a preference, and the mortgagee then had reasonable cause to believe that the enforcement of the mortgage would effect a preference, the mortgage would be voidable by the trustee; but the court defers to the contrary ruling made by the Circuit Court of Appeals cited above. The reasons for the opinion I entertain on this question are as follows: Section 60b of the Bankruptcy Act, as amended in 1910 (Act June 25, 1910, c. 412, § 11, 36 Stat. 842 [Comp. St. 1913, § 9644]), provides that such a mortgage is voidable by the trustee where the preferential conditions which are named in said section existed, "if by law recording or registering thereof is required." The question, therefore, is whether the mortgage in question was "required" to be recorded by the laws of the state of Georgia. The law on the subject in Georgia is embodied in section 3260 of the Code of 1910, which is in the following language:

"Mortgages not recorded within the time required remain valid as against the mortgagor, but are postponed to all other liens created or obtained, or purchases made prior to the actual record of the mortgage. If, however, the younger lien is created by contract, and the party receiving it has notice of the prior unrecorded mortgage, or the purchaser has the like notice, then the lien of the older mortgage shall be held good against them."

Under this section of the Code of Georgia, a mortgage is valid as between the mortgagor and mortgagee, although not recorded; but, if not recorded promptly it is not valid as to "all other liens created or obtained, or purchases made prior to the actual record of the mortgage." Therefore, as to such other liens created or obtained, or purchases made, the mortgage is "required" to be recorded by the Georgia law in order to retain its validity. A long line of decisions of the Supreme Court of the state illustrate this section of the Georgia Code, and hold that an unrecorded mortgage is invalid as against the holder of a judgment, with or without notice, which was obtained before the actual record of the mortgage, and also as against the holders of contract liens, without notice, created before such time. Hardaway v. Semmes, 24 Ga. 305; Smith v. Jordan, 25 Ga. 687; Richards & Brother et al. v. Meyers & Marcus et al., 63 Ga. 763; Thompson v. Morgan, 82 Ga. 548, 9 S. E. 534; New England Mortgage Security Co. v. Ober & Sons Co., 84 Ga. 294, 10 S. E. 625; Cabot v. Armstrong, 100 Ga. 438, 28 S. E. 123; Cambridge Tile Co. v. Scaife & Sons Co., 137 Ga. 281, 73 S. E. 492.

It is true that the mortgage in this case was actually recorded before the petition in bankruptcy was filed, and therefore before the trustee was vested with the lien which is given to him by the amendment of 1910 to the Bankruptcy Act, which is now embodied in section 47a of that act as amended. Therefore, if the mortgage in this case is to be held valid or invalid as determined by the terms of the Georgia

law, the court would have to hold that under the Georgia law the mortgage was valid, because it was recorded before the petition in bankruptcy was filed.

But the question here is not one of the validity or invalidity of the mortgage, but the question is whether the mortgage became a preference or not on account of being withheld from the record until within the interdicted period of four months. The Georgia law cited above is relevant on this point only as determining whether the mortgage was "required" to be recorded by the law or not. If it was required to be recorded under the law, and was not recorded until within the period of four months before the petition was filed, and if at that time the bankrupt was insolvent, and the mortgage then operated as a preference, and the mortgagee then had reasonable cause to believe that the enforcement of the mortgage would effect a preference, then the mortgage would be preferential, and would be voidable by the trustee, under section 60b of the Bankruptcy Act as amended, although it might be valid under the Georgia statute. The Bankruptcy Act controls on this question of "preference," and, as stated above, the Georgia statute is only relevant as determining whether the mortgage was "required" to be recorded or not within the meaning of said section 60b.

[5] I am of the opinion that, within the meaning of section 60b of the Bankruptcy Act, a mortgage in Georgia is "required" to be recorded. At the time when the case of Meyer Bros. Drug Co. v. Pipkin Drug Co., 136 Fed. 396, 69 C. C. A. 240, was decided by our Circuit Court of Appeals, upon which case the recent decision in the case of W. E. Martin, Jr., Trustee, v. Commercial National Bank of Macon, 228 Fed. 651, —— C. C. A. ——, 36 Am. Bankr. Rep. 25, was based, the amendment of 1910, now to be found in section 47a of the Bankruptcy Act, had not been passed by Congress. But by the amendment of 1910 a trustee in bankruptcy, "as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon," and therefore I am personally of the opinion that the passage of this amendment has changed the rule in Georgia, and that now under said amendment a mortgage is "required" in this state to be recorded, within the meaning of section 60b of the Bankruptcy Act. This seems clearly to be the view of the Supreme Court of the United States, as set forth in the opinion of the court rendered on March 13, 1916, in the case of Carey v. Donohue et al., 240 U. S. 430, 36 Sup. Ct. 386, 60 L. Ed. 726, where in deciding a similar question arising under the statutes of the state of Ohio, which only required that mortgages in that state should be recorded as against bona fide purchasers, and not as against lienholders, the court held as follows:

"As Congress did not undertake in section 60 to hit all preferential transfers (otherwise valid) merely because they were not disclosed, either by record or possession, more than four months before the bankruptcy proceeding, the inquiry is simply as to the nature of the requirement of recording to which Congress referred. The character of the transfer itself, both with respect to what should constitute a transfer and its preferential effect,

had been carefully defined. It is plain that the words are not limited to cases where recording is required for the purpose of giving validity to the transaction as between the parties. For that purpose, no amendment of the original act was needed, as in such a case there could be no giving of a preference without recording. But in dealing with a transfer, as defined, which, though valid as between the parties, was one which was 'required' to be recorded, the reference was necessarily to a requirement in the interest of others who were in the contemplation of Congress in enacting the provision. The natural, and we think the intended, meaning was to embrace those cases in which recording was necessary in order to make the transfer valid as against those concerned in the distribution of the insolvent estate; that is, as against creditors, including those whose position the trustee was entitled to take. This gives effect to the amendment and interprets it in consonance with the spirit and purpose of the Bankruptcy Act. See Senate Report, No. 691, Sixty-First Congress (2d Sess.) p. 8. In the present case, there was no requirement of recording in favor of creditors, either general creditors, or lien creditors. The requirement of the applicable law was solely in favor of subsequent bona fide purchasers without notice. These subsequent purchasers are entirely outside of the purview of the Bankruptcy Act. The proceeding in bankruptcy is not, in any sense, in their interest, and the trustee does not represent them. We can find no ground for the conclusion that the clause 'if by law recording or registering thereof is required' had any reference to requirements in the interest of persons of this description. The limitaton of the provision to those transfers which are 'required' to be recorded under the applicable law is not to be taken to be an artificial one by which the rights of creditors are made to depend upon the presence or absence of local restrictions adopted, alio intuitu, in the interest of others. Rather, as we have said, we deem the reference to be to requirements of registry or record which have been established for the protection of creditors—the persons interested in the bankrupt estate, and in whose behalf, or in whose place, the trustee is entitled to act. And where, as in this case, there is no such requirement, and the transfer was made more than four months before the filing of the petition in bankruptcy, there can be no recovery under section 60.''

The Supreme Court of the United States, in the above quotation from its opinion in the case cited, construes the provision of section 60 under consideration and clearly lays down the rule that, if the transfer (or mortgage) is "required" to be recorded in order to render same valid "as against those concerned in the distribution of the insolvent estate—that is, as against creditors, including those whose position the trustee is entitled to take"—then such instrument is "required" to be recorded within the meaning of the Bankruptcy Act. Under the provisions of the Georgia Code governing the matter, such transfers (or mortgages) are "required" to be recorded in order that same should be valid as against all "liens created or obtained, or purchases made, prior to the actual record" thereof; and the trustee under the amendment of 1910 is now clothed with the rights, remedies, and powers of the holder of a lien obtained by legal proceedings, and therefore, under the rule laid down by the United States Supreme Court, I am clearly of the opinion that under the Georgia law the mortgage in question was "required" to be recorded within the meaning of section 60b of the Bankruptcy Act.

The same rule seems to be recognized in the late case of Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275, 35 Am. Bankr. Rep. 814, decided by the Supreme Court of the United States on November 29, 1915. Reference may also be had to the reasoning of the District Court of Arkansas in Re T. H. Bunch Com-

mission Company, 225 Fed. 243, where, under the statute of Arkansas, very similar to the statute of Georgia, governing the record of mortgages, that court held that the mortgage there involved was "required" to be recorded within the meaning of section 60b of the Bankruptcy Act, in view of the amendment of 1910 to section 47a, which provides that trustees shall be vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, etc. See also the case of In re Hunt (D. C.) 139 Fed. 283.

However, I understand that the case of W. E. Martin, Jr., Trustee, v. Commercial National Bank of Macon, recently decided by our Court of Appeals, as above mentioned, is now before the Supreme Court of the United States upon certiorari, and therefore it may be that the rule laid down by the Circuit Court of Appeals on the subject is not final. Had the decision of the Supreme Court of the United States in the case of Carey v. Donohue, Trustee, cited above, been rendered at the time, it is possible that the decision of the Court of Appeals might have been different. The question here discussed is not involved in the motion to dismiss complainant's bill under consideration, but was argued before me by counsel, and therefore the views expressed above are given in response to such argument, and pending the final decision of the question by the Supreme Court of the United States. Of course, there is no evidence before the court, and therefore the court cannot say, whether, even under the opinion and rule above set out, the mortgage in question is a preference or not.